^MURRAY, Judge.
The City of New Orleans appeals a summary judgment in favor of New Orleans Towers Affordable Housing Corp., Inc. (N.O. Towers)[1] which held that N.O. Tow *51 ers is exempt from ad valorem taxes, and ordered the City to refund such taxes, which had been paid under protest. We affirm.
PROCEDURAL HISTORY:
On February 28, 1996, N.O. Towers filed a petition against the City of New Orleans seeking a refund of ad valorem taxes that it had paid under protest. The City requested and was granted an extension until April 11 to answer the petition. As of June 4 the City had not answered, and N.O. Towers was granted a preliminary default. The City finally answered the petition on June 18,1996.
|pOn February 28, 1997, N.O. Towers moved for summary judgment, alleging that it met the requirements of LSA-Const. Art. VII, § 21(B)(1)(a) so as to be exempt from payment of ad valorem taxes, and, therefore, was entitled to judgment, as a matter of law, ordering a refund of all such taxes paid by it under protest. The City opposed the motion, claiming that N.O. Towers should not be tax exempt because it was operating for profit. The trial court denied the motion, finding that the City’s allegations in this regard were sufficient to establish a genuine issue of material fact. In order to allow the City the opportunity to obtain evidence to support its allegations, a discovery schedule was established.
On November 7, 1997, three months after the discovery cut-off, N.O. Towers reurged its motion for summary judgment. Following a hearing, the trial court granted the motion, decreeing that N.O. Towers met the requirements of LSA-Const. Art. VII, § 21(B)(1)(a), and that the real property of VOA Willows Affordable Housing is exempt from payment of ad valorem taxes. The court ordered the City to refund all taxes paid under protest for the tax years 1995, 1996, and 1997, together with interest.
It is from this judgment that the City appeals.
DISCUSSION:
The City contends that the summary judgment was incorrectly granted because N.O. Towers had not proven that, as a matter of law, it was entitled to be exempt from ad valorem taxes. The City advances two arguments in support of its position that the summary judgment should be reversed: (1) N.O. Towers 13allegedly is competing with “for profit” complexes for tenants and market rents, and, therefore, a factual dispute exists as to its entitlement to tax exempt status; and (2) the providing of low income housing is not one of the specific purposes designated in LSA-Const. Art. VII, § 21(B) as conferring exemption from ad valorem taxes on a property owner.
Louisiana Code of Civil Procedure art. 966 provides that the summary judgment procedure, which is designed to secure the just, speedy, and inexpensive determination of actions, is favored. After adequate discovery, a motion for summary judgment that shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. La.Code Civ. Proc. art. 966C(1).
In support of its summary judgment motion, N.O. Towers alleged that the undisputed evidence established that it is a corporation being operated exclusively for charitable, health, and welfare purposes, and that no part of its net earnings benefit any private shareholder or member of the corporation. It, therefore, satisfies the requirements of LSA-Const. Art. VII, *52 § 21(B)(1)(a), and its property is exempt from ad valorem taxes. The trial court agreed, stating in its reasons for judgment that: '
This Court is of the opinion that Art. VII, Section B of the Louisiana Constitution of 1994[sic] provides that a nonprofit organization is exempt from ad valorem taxes if it falls within any of the four constitutionally] designated categories. The question is where [sic] the mover falls within the purview of this ... constitutional provision. Mover says, ‘yes,’ and obviously, the City says, ‘no.’
RHowever, when the court reads the Fourth Circuit decision of Hotel Dieu v. Erroll Williams, coupled with the Revenue Ruling 67-138, which indicates that ‘providing assistance to low income families in need of adequate housing constitutes a charitable purpose’, the Court maintains that the mover had demonstrated that it does, in fact, fall within the purview of the constitution.
We agree.
Article VII, § 21(B)(1)(a) of the 1974 Louisiana Constitution provides for the exemption from ad valorem taxes for:
Property owned by a non-profit corporation or association, organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax; and
None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
It is undisputed that N.O. Towers, a non-profit corporation, is exempt from both federal and state income tax. Its Articles of Incorporation provide that it shall have no capital stock, and, upon dissolution, all of its assets are to be distributed, or sold and the proceeds distributed, to its sole member, the Volunteers of America, which also is a non-profit corporation. The Articles prohibit the corporation from realizing private gain or taking any action inconsistent with IRS exemption requirements. N.O. Towers had been exempt from ad valorem taxes until it was added to the City’s tax roles in 1996.[2]
|5N.O. Towers’ residents are persons 62 years or older, or disabled persons 18 years or older, who must meet low-income requirements. The residents are eligible for federal rent subsidies, and N.O. Towers participates in federal programs designed for non-profit organizations to accommodate the needs of the elderly and disabled.
The property at issue was purchased and substantially renovated for use as low-income housing. N.O. Towers financed the property by entering into a Tax Regulatory Agreement with the Louisiana Housing Finance Agency providing for the issue of tax exempt municipal bonds. In order for the bonds to qualify as tax exempt, the property that was to be provided by the net proceeds of the issue, had to be owned by an I.R.C. § 501(c)(3) organization. Internal Revenue Code § 501(c)(3) provides for tax exemption for non-profit corporations, organized and operated exclusively for charitable purposes.
The City offered affidavits of assessors Thomas Arnold and Erroll Williams in opposition to the summary judgment motion. Assessor Arnold stated that he added N.O. Towers to the tax roles after he determined that the apartment complex was *53 making money and, therefore, considered it to be a commercial enterprise. Assessor Williams attested that the apartments are being operated in the same manner as a for-profit business, and compete directly with other complexes for tenants and market rents. He opined that the acquisition of an apartment complex is a business investment in residential housing for profit and is not an exempt use under the state constitution as either a charitable, health or welfare purpose.
IfiThe City argues that the recent case of Bd. of Administrators of the Tulane Educ. Fund v. La. Tax Comm’n, 97-0663 (La.App. 4 Cir. 10/1/97), 701 So.2d 702, is controlling and that the rationale of that case would preclude tax exempt status to N.O. Towers because it competes with “for-profit” enterprises. The City’s reliance on this case is misplaced. Bd. of Administrators held that as long as a nonprofit organization is benefiting the purpose for which it was organized, it is not a commercial entity, and is tax exempt. Thus, instead of supporting the City’s argument, Bd. of Administrators undermines it.
The City also argues that grants of exemption from taxation must be strictly construed in favor of the taxing body. Because providing low income housing is not one of the exclusively designated purposes set forth in LSA-Const. Art. VII, § 21(B), N.O. Towers’ property is not exempt.
The trial court rejected this argument, referencing Hotel Dieu v. Enroll Williams, 403 So.2d 1255 (La.App. 4 Cir.1981), and 410 So.2d 1111 (La.1982), which upheld the tax exempt status of a parking lot operated by Hotel Dieu Hospital. The issue in that case was whether the parking lot was a commercial venture, and, therefore, not entitled to tax exemption. Finding that the non-profit purpose of the hospital was to provide medical services to the poor, and that the parking lot simply facilitated access to the hospital for its personnel, this Court held, and the Supreme Court affirmed, that the parking lot was related to the hospital’s non-profit purpose. It, therefore, was exempt from ad valorem taxes. As the trial court noted, the fact that the Constitution did not specifically list a hospital or a parking lot did not preclude the finding that Hotel Dieu was organized for charitable and health purposes so as to qualify for tax exempt status.
|7Ás to the contention that N.O. Towers was a commercial enterprise operating under the “cloak of a non-profit organization,” the trial court noted that the City had offered no proof whatsoever to support this argument, despite having been given adequate time for discovery. On the other hand, it found that N.O. Towers offered proof to support its claim to tax exempt status, specifically, an IRS ruling that providing adequate housing or affordable housing to low income families is a charitable purpose.[3] The record supports the trial court’s conclusions.
For the foregoing reasons, we affirm the summary judgment in favor of N.O. Towers ordering the City of New Orleans to refund to it all taxes paid under protest for the tax years 1995, 1996, and 1997, together with interest.
AFFIRMED.

. The trial court ordered that six other cases be consolidated with 96-03145 entitled “New Orleans Towers Affordable Housing Corp., Inc., v. Marina M. Kahn, Director of Finance, City of New Orleans, Department of Finance.” The cases consolidated are:
1) 97-3218 - "VOA/New Orleans Affordable Housing Corp., Inc./Lakewind East Apartments v. Marina M. Kahn, et al”
2) 97-3217 - "VOA/New Orleans Affordable Housing Corp., Inc./Windrun Apartments v. Marina M. Kahn, et al”
*51 3) 97-3220 - "VOA/New Orleans Affordable Housing Corp., Inc. v. Marina M. Kahn et al”
4) 96-12948 - "VOA/Willows Affordable Housing Corp., Inc. v. Marina M. Kahn, et al”
5) 96-20590 - "VOA/Willows Affordable Housing Corp., Inc. v. Marina M. Kahn, et al”
6)97-3219 - " VOA/Willows Affordable Housing Corp., Inc. v. Marina M. Kahn, et al” By agreement of the parties, the instant suit was designated as a test case, and that any judgment rendered would be applied to all consolidated cases.

. In its petition, N.O. Towers sought a refund of 1996 taxes. In its initial motion for summary judgment, it again requested a refund of 1996 taxes. However, in its reurged motion, it requested a refund of 1997 taxes. Additionally, it stated that it had previously been exempt from ad valorem taxes, but was added to the City's tax roles in 1996. In its reurged motion, it stated that it was added to the roles in 1995.

. In a second assignment of error, the City avers that the trial court erred in relying on an IRS ruling to determine Louisiana constitutional law. However, this issue was not briefed, and is therefore deemed abandoned. Uniform Rules - Courts of Appeal 2-12.4.