I ¡JAMES F. McKAY, III, Judge.
The appellants, the City Of New Orleans, Etta R. Morris, Finance Director, City of New Orleans and Patricia A. Johnson, Assessor, First Municipal District, appeal the judgment of the district court granting the appellee’s, Pratt-Stanton Manor Corporation (Pratt-Stanton), partial motion for summary judgment and finding that it qualified as a charitable organization and was exempt from ad va-lorem taxes. The district court also ordered that Pratt-Stanton be refunded all taxes, which were paid under protest, for tax years 2000 and 2001 with accrued judicial interest on the amount and court costs.
Pratt-Stanton, which operates as an assisted living facility for the elderly, filed a petition for refund with the district court,[1] requesting a refund of ad valorem taxes for the year 2000. Said taxes were paid under protest. This petition was amended to include a request for refund of the ad valorem taxes assessed for the year 2001. Pratt-Stanton claimed an exemption based on Article VII, § 21(B) of the Louisiana Constitution, as it operates as a charitable non-profit entity catering to the health and welfare of senior citizens who are residents of its facility and has ^operated as such for over forty years. Prior to the year 2000, Pratt-Stanton had been exempt from ad valorem taxes.
Patricia A. Johnson, Assessor, First Municipal District, Parish of Orleans, filed a petition for review. This petition was consolidated with the suit for the tax refund. After a hearing on the matter the trial court granted Pratt-Stanton’s motion for summary judgment and finding it to be a non-profit charitable entity exempt from ad valorem taxes.
The appellants argue that the trial court erred in granting the appellee’s partial motion for summary judgment and finding it to be a charitable organization, claiming that there are genuine issues of material fact which preclude the judgment as a matter of law. This matter is before us pursuant to the trial court’s certification of a summary judgment as a final partial judgment under La. C.C.P. art.1915. A court of appeal has jurisdiction over final judgments, and the trial court’s certification, when appropriately granted, vests *750 jurisdiction in the Court of Appeal even if the successful party is not granted all the relief prayed for or does not adjudicate all the issues in the case. La. C.C.P. art.1915 A.
On review of a grant of summary judgment, the appellate court considers the matter de novo. Doerr v. Mobil Oil Corp., 00-947 (La.12/19/00); 774 So.2d 119. The reviewing court must determine independently whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94); 639 So.2d 730. Thus, the appellate court asks the same questions the trial court asks in ^determining whether summary judgment is appropriate. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). Summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.C.C.P. art. 966(A)(2).
Article VII, § 21(B)(1)(a) of the 1974 Louisiana Constitution provides for the exemption from ad valorem taxes for:
Property owned by a non-profit corporation or association, organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax; and
None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
Pratt-Stanton argues that it operates within the purview of the constitutional requirements and is therefore exempt from ad valorem taxes. Pratt-Stanton’s Executive Director Jenny D. Archer testified that Prati^Stanton is a tax-exempt organization under 26 U.S.C. § 501(c)(3), and operates for health, welfare, and charitable purposes. Additionally, no part of its earnings inure to any shareholder, director, or employee. Furthermore, it accepts any applicant, regardless of race or national origin. The residents’ minimum age for admission is sixty years old and their fees cover only about 56.7% of Pratt-Stanton’s operating expenses, with the 43.3% deficit made up through donations and income from an endowment.
In Hotel Dieu v. Williams, 410 So.2d 1111 (La.1982), the Louisiana Supreme Court affirmed this Court’s reinstatement of a charitable tax exemption [ Rfor a parking lot operated by Hotel Dieu Hospital. This Court held that the parking lot was related to the hospital’s non-profit purpose. The Supreme Court noted that:
The Seton Corporation’s structures are owned, operated, leased and used for purposes related to the exempt purposes of the Hotel Dieu Hospital. None of the earnings inure to the benefit of any private shareholder and the income of Hotel Dieu and the Seton Corporation is exempt from federal and state income taxes. The property in question meets the criteria of Article 7, § 21(B)(1) of the Louisiana Constitution of 1974, and is exempt from ad valorem taxes.
In the instant matter, appellants argue that Pratt-Stanton is not a charitable nonprofit entity based on the way that it operated the business. They note that for an additional fee, services for personal assistance such as dressing, bathing and sitter services are offered to residents. Residents can also purchase cable television *751 and their own phones. They further mention that the residents pay rent in the amount between $1,386.68 and $2,200, per month. These facts are of no moment considering that the fees and rents paid do not cover the cost of operation of this facility. Simply stated the clear purpose of this facility is both charitable and nonprofit. Furthermore, none of the earnings inure to the benefit of any shareholder or owner. Comparatively, in New Orleans Towers Affordable Housing Corp., Inc. v. Kahn, 98-1240 (La.App. 4 Cir. 12/29/98), 744 So.2d 50, the Volunteers of America, was operating through a non-profit corporation and renting low-income housing which competed with the for-profit commercial housing market. In contrast to the instant matter the Volunteers of America was earning a profit. This Court held that because the activity of the non-profit corporation was benefiting |fithe purpose for which it was organized, it was not a commercial entity and was found to be exempt from ad valorem taxes.
Clearly, Pratt-Stanton operates as a non-profit corporation and is therefore exempt from federal and state taxes. Furthermore, it operates under a deficit and without its endowment could not continue operating this much needed residential facility. The appellee has offered ample evidence proving their non-profit charitable status. Conversely, the appellants have offered little support for their position. Based on the record before this Court, we would agree with the trial court’s determination that Pratt-Stanton is a non-profit charitable entity and is exempt from paying ad valorem taxes. Therefore, we affirm the judgment of the trial court in its entirety.
AFFIRMED.

. Appellee had already pursued all administrative procedures prior to filing this suit.