410 So.2d 1111 (1982)
HOTEL DIEU and Seton Professional Building, Inc.
v.
Erroll G. WILLIAMS, Acting Director, Department of Finance, Frederick D. Rubins, Tax Collector, City of New Orleans, City of New Orleans, and Louisiana State Tax Commission.
No. 81-C-2628.
Supreme Court of Louisiana.
March 1, 1982.
William J. Guste, Jr., Atty. Gen., Louis M. Jones, Robert L. Danner, Jr., Asst. Attys. Gen., Salvador Anzelmo, City Atty., Galen S. Brown, Deputy City Atty., Joseph N. Naccari, Asst. City Atty., for defendants-applicants.
Otto B. Schoenfeld of Denechaud & Denechaud, New Orleans, for plaintiffs-respondents.
WATSON, Justice.
The issue is whether a nonprofit corporation which operates an office building and parking garage adjacent to Hotel Dieu Hospital is exempt from ad valorem taxes under Art. 7, § 21(B)(1) of the Louisiana Constitution of 1974. That constitutional provision exempts "[p]roperty owned by a nonprofit corporation or association organized and operated exclusively for religious ... charitable, health ... or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax."
The office building and garage are constructed on land owned by Hotel Dieu Hospital, a nonprofit corporation organized solely "for charitable, religious, and educational purposes." Its members are the Daughters of Charity of St. Vincent de Paul. The structures are owned and operated by Seton Professional Building, Inc., a nonprofit corporation organized for charitable purposes. Any profits made by Seton go to Hotel Dieu for treatment of the indigent and other hospital activities. Seton's membership is controlled by Hotel Dieu. It is an alter ego of the hospital. The Seton Corporation has operated at a deficit since the building opened in January of 1976. Both Seton and Hotel Dieu are exempted from federal and state income taxes.
There are sixteen tenants in the Seton building. Seton leases space only for medical purposes; nonmedical applications have been rejected. All the individual physicians in the Seton Building are members of the medical staff of Hotel Dieu. Ninety percent of these physicians send all of their patients to Hotel Dieu and the other ten percent send a substantial portion to Hotel Dieu. Other tenants consist of the New Orleans Academy of Ophthalmology, a pharmacy, two laboratories and LSU's private medical clinic which occupies two floors. Of the eighty-five doctors staffing the LSU clinic, sixty-four are members of *1112 the medical staff of Hotel Dieu. The hospital works closely with LSU in medical education including internships, residencies, and fellowships in surgery, renal medicine, orthopaedics, arthritis, family practice, internal medicine and urology.
A restaurant is the only Seton tenant with nonmedical activities. It is described as a necessary eating facility for physicians, staff members, patients and their families. The parking garage is open to the public, but its customers are primarily those who have business at the hospital or the professional building. Of its two hundred and eighty-one spaces, one hundred and eighty-one are contracted by physicians and other employees at Hotel Dieu, LSU and Seton.
Hotel Dieu and Seton brought suit to recover ad valorem taxes assessed against Seton and paid under protest to the City of New Orleans. The trial court held that the Seton Building was not exempt from ad valorem taxes because it was not exclusively operated for tax exempt purposes. The Court of Appeal reversed. Hotel Dieu v. Williams, 403 So.2d 1255 (La.App. 4 Cir. 1981). A writ was granted to review the judgment. 409 So.2d 646 (La.1981).
The Court of Appeal quoted from the records of the Louisiana Constitutional Convention of 1973. These transcripts establish that an operation owned by a nonprofit corporation can retain its exemption even though some of its activities can be classified as commercial. One factor in determining exemption is location of the commercial activity. It is more easily classified as related to the exempt purpose if it is in an adjoining facility, like that here. These adjacent buildings are obviously related to the exempt purposes of the hospital.
The Seton Corporation's structures are owned, operated, leased and used for purposes related to the exempt purposes of the Hotel Dieu Hospital. None of the earnings inure to the benefit of any private shareholder and the income of Hotel Dieu and the Seton Corporation is exempt from federal and state income taxes. The property in question meets the criteria of Article 7, § 21(B)(1) of the Louisiana Constitution of 1974, and is exempt from ad valorem taxes.
For the foregoing reasons the judgment of the Court of Appeal is affirmed.
AFFIRMED.