Dear Mr. Williams:
This office is in receipt of your request for an opinion of the Attorney General in regard to exemption of property owned by a religious order. You indicate it had been the practice to exempt residences acquired by religious organizations under the provisions of the 1921 Constitution, but you note there was wording changes under the pertinent provision in the 1974 Constitution. Accordingly, you ask if residential property is acquired by a religious order, is it exempt or taxable as residential property under the 1974 constitution.
As you observe in Hotel Dieu v. Williams,403 So.2d 1255 (La.App 1981) the court noted that the 1974 Constitution's system of exempting property was a change from the 1921 Constitution, pointing out the 1921 language granted property exemption to specified properties whereas the 1974 Constitution grants the exemption to property on the basis of the character of the owners.
Article VII, Section 21 La. Const, 1974 provides in part that in addition to the homestead exemption, the specified property and no other would be exempt from ad valorem taxation, and states as an exemption in B(1)(a) as follows:
 Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earning of which inure to the benefit of any private shareholder or member thereof and which is declared exempt from federal or state income tax;
In Hotel Dieu v. Williams, 410 So.2d 1111 (La. 1982), the Louisiana Supreme Court found that an adjacent office building housing mostly physicians and a parking garage operated by a nonprofit corporation was exempt from ad valorem taxes inasmuch as the property was being used for purposes related to the exempt purpose of the non-profit hospital.
On Oct. 1, 1997 in Board of Administrators of the TulaneEducation Fund v. Louisiana Tax Commission, the Court of Appeal for the Fourth Circuit, citing the Hotel Dieu
case, stated it had been determined that Section 21(B) of the 1974 Constitution granted an exemption from ad valorem taxation of all property owned by a qualifying non-profit entity unless the property was used for unrelated commercial purposes. With reference to the transcript of the Constitutional Convention, the court states the discussions demonstrate only the delegates' intent to limit a non-profit entity's ability to engage in business activity in competition with for-profit enterprises. The court finds the excerpts of the transcript "establish that it was not mere ownership of property by a non-profit association that was to be discouraged, but that property's usage in a business enterprise, such as a parking garage, an office building, ora television station." (Emphasis added.) In the TulaneEducation Fund case the court held because the vacant undeveloped land inherited by the non-profit educational association and being held in hope of appreciation "is not being used for any `commercial' purpose, it is not excluded from the general tax exemption of Section 21(B)(1)(a)." Application for writs in this case is presently pending in the Louisiana Supreme Court, Docket No. 97 C 2745.
Consequently, the jurisprudence indicates a two prong test may be necessary for it must be determined if the property is being used for a "commercial" purpose, and, if so, is the commercial purpose related to the exempt purpose of the non-profit association.
To determine if property is being used for a commercial purpose should not be a difficult question, but a more difficult question would be to determine if that purpose is related to the exempt status of the property owner. Thus, from the jurisprudence it seems that a parking garage adjacent to a hospital is a commercial enterprise, but since its purpose is related to the existence of the exempt hospital, it would be exempt from ad valorem tax. However, a parking garage owned by a nonprofit exempt entity in an area unrelated to the function of the non-profit association would not be tax exempt.
Consequently, by following the reasoning of these cases in answer to your question if residential property acquired by a religious order is exempt under the 1974 constitution, we must conclude that property of a non-profit association would be exempt if it is being leased to accomodate a religious related entity and not simply being leased on the general real estate market as other property for commercial gain without restricting the use to which the lessee would utilize the residence.
You state you are confused by the vagueness of the term "religious purpose" but as can be seen this is a factual question that will have to be determined on a case by case basis.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: September 25, 1997 Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General