Dear Mr. Arnold:
You have requested an opinion of the Attorney General regarding the process for determining whether a nonprofit organization is entitled to the exemption from ad valorem taxes provided in Article VII, Section 21 of the Louisiana Constitution of 1974. You specifically ask who has the authority to determine whether or not an exemption should be granted.
In answer to your question, we refer you to Article VII, Section 24 of the Louisiana Constitution. It provides, in pertinent part, the following:
 § 24. Tax Assessors
 * * *
 (B) Orleans Parish. There shall be seven assessors in New Orleans, who shall comprise the Board of Assessors for Orleans Parish. Their duties and compensation shall be as provided by law.
We also refer you to Article VII, Section 18(D) which provides as follows:
 § 18. Ad Valorem Taxes
 * * *
 (D) Valuation. Each assessor shall determine the fair market value of all property subject to taxation within his respective parish or district except public service properties, which shall be valued at fair market value by the Louisiana Tax Commission or its successor. Each assessor shall determine the use value of property which is to be so assessed under the provisions of Paragraph (C). Fair market value and use value of property shall be determined in accordance with criteria which shall be established by law and which shall apply uniformly throughout the state.
The statutory provision relative to the listing and assessing of property is found at R.S. 47:1957(A). It provides, in pertinent part, as follows:
 A. All taxable property in the state, except public service properties, shall be assessed by the several assessors. The assessors shall be responsible, under the supervision of the tax commission, for listing and assessing all property within their respective parishes, except such property as is subject to direct assessment by the tax commission.
This office has consistently opined that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and state law to the assessor, the Louisiana Tax Commission (Commission) and, ultimately, the courts. Attorney General Opinion Nos. 98-489, 98-65, 97-211, 96-438, 95-223 and 93-632. In other words, inherent in the assessor's duties of listing and assessing taxable properties within his jurisdiction, is the authority to determine whether such properties are tax exempt. This determination will depend upon the information submitted by the taxpayer, and whether that information meets the criteria for exemptions set forth in Article VII, Section 21.
Your specific inquiry relates to religious and other nonprofit organizations. The tax exempt status of such organizations is controlled by Article VII, Section 21(B)(1)(a) which provides the following:
 § 21. Other Property Exemptions
 Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 * * *
 (B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax; and
 (b) property leased to such a nonprofit corporation or association for use solely as housing for homeless persons, as defined by regulation adopted by the tax commission or its successor.
 * * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
In interpreting the above provision, we have consistently held that in order to qualify for an exemption under § 21(B)(1)(a), the property must meet all four requirements set forth therein, to wit:
 1. The organization must be a nonprofit corporation or association organized exclusively for one of the designated purposes;
 2. No part of the net earnings inure to the benefit of any stockholder or member of the organization;
 3. Said nonprofit corporation or association must be exempt from federal or state income tax; and
 4. None of the property of the nonprofit corporation or association is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
See Attorney General Opinion Nos. 97-211, 96-438, 95-223, 95-60 and 93-488.
Thus, it is your responsibility as assessor to examine the information necessary in making your decision to exempt or not exempt the property from taxation. In making this determination, you should note that the jurisprudence of this state has consistently held that constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any possible doubt is fatal. Further, an exemption, constituting an exceptional privilege, must be clearly, unequivocally and affirmatively established. Zapata Haney Corp. v. Larpenter,583 So.2d 867 (La.App. 1st Cir. 1991), writ denied.
We also bring to your attention the ruling in the case ofHotel Dieu v. Williams, 410 So.2d 1111 (La. 1982). Therein, the Louisiana Supreme Court held that property belonging to a nonprofit hospital and leased to a nonprofit corporation for operation of a restaurant, offices and a parking garage was tax exempt. The Court found that the space in the office building, except for a restaurant, was leased only for medical purposes to tenants who had some connexity to the hospital and that the restaurant was a necessary eating facility for physicians, staff members, patients and their families. While the parking lot was open to the public, the Court found that its customers were primarily those with business at the hospital or the medical office building. The net revenues from the office building and parking garage reverted to the hospital for hospital activities and the treatment of indigent persons. Thus, the nonprofit organization was deemed to be the alter ego of the hospital, and while the property was used for commercial purposes, said purposes were directly related to the exempt purposes of the nonprofit corporation. Given this connexity, the adjacent properties were afforded tax exempt status.
After considering the data submitted in connection with your consideration of the criteria necessary for tax exemption, and guided by the opinions of our judiciary as explained above, you must then decide whether you will list and assess the property in question. In the event you determine that the property is not tax exempt, the property should be assessed and listed on the tax rolls.
As you are aware, R.S. 47:1992(F)(1) requires you to give notice that the assessment list will be exposed for inspection by members of the general public. Section 1992(F)(2)-(4) sets forth the procedures to be followed by taxpayers for the filing of written complaints to the Board of Review for the Parish of Orleans (Board). After due consideration, the Board may increase or decrease the contested assessments. All determinations by the Board are final unless appealed to the Commission in accordance with rules and regulations established thereby.
Article VII, Section 18(E) provides:
 (E) Review. The correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law.
R.S. 47:1989 provides, in pertinent part, with respect to the appeals of tax-payers to the Commission:
 § 1989. Review of appeals by tax commission
 A. Within ten days of receipt of the assessment lists as certified by the local board of review, the tax commission shall conduct public hearings to hear appeals of taxpayers, bona fide representatives of an affected tax-recipient body or assessors from the action of the board of review.
 B. The tax commission shall consider the appeal of any taxpayer, bona fide representative of an affected tax-recipient body, or assessor dissatisfied with the determination of the local board of review and may affirm, reverse or modify the contested determination of that board of review.
 C. All such hearings shall be conducted in accordance with rules and regulations established by the tax commission.
 D. All decisions of the tax commission are final unless appealed to the district court within thirty days.
As can be gleaned from the above, both the assessor and the affected tax-recipient body are entitled to representation at hearings before the Commission. Further, R.S. 47:1989.1 provides for the reimbursement of expenses to the assessor in the defense of an assessment. It provides, in pertinent part, the following:
 § 1989.1. Appeals; assessor; reimbursement of expenses
 A. When in the performance of his duty, an assessor must defend an assessment before the tax commission, and the tax commission upholds the valuation of the assessor within ten percent of said valuation, each affected tax recipient body shall reimburse the assessor on a pro rata basis for the amount of the expense involved in defending the assessment.
 * * *
 C. Should appeal be made to the courts, the same pro rata reimbursement shall apply to those expenses.
R.S. 47:1998 provides for the judicial review of decisions of the Commission by the district court of the parish where the Commission is domiciled. Paragraph (C) authorizes the assessor to bring suit, when necessary, to protect the interest of the state, including the right of appeal, and such proceedings shall be without cost to the assessor or the state.
As can be gleaned from the above, initially, it is the duty and responsibility of the assessor to determine whether sufficient data exists to render tax exempt, properties owned and/or leased by a nonprofit organization. This determination is subject to review by the local board of review, the Commission and the district court. The assessor is entitled to defend his position before the board of review, the Commission and the court. A final judgment of the district court would be binding on all parties involved.
I am attaching copies of the following Attorney General Opinions which will hopefully be of assistance to you in carrying out your constitutional and statutory duties: 97-422, 97-211, 95-223, 95-60, 93-632, 93-488, 92-740, 87-440, 86-529, 86-49, 80-219, 79-861 and 76-114.
I trust this adequately responds to your inquiry, however, in the event you have any additional questions, please do not hesitate to contact us.
With kindest regards, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj
OPINION NUMBER 97-422
December 23, 1997
 119 Taxation — Exemptions general 148 Taxation — Property taxes Art. VII, Sec. 21, LA. Const.
Property of a religious order would be exempt if it is being leased to Mr. Erroll G. Williams accommodate a religious related Assessor, 3rd Municipal entity and not simply being leased District on the general real estate market 4301 City Hall for commercial gain without New Orleans, LA 70112 restricting the use of the lessee.