Dear Mr. Martin:
This opinion is in response to your request as to whether certain real (i.e., immovable) property owned by the Carpenters District Council of New Orleans and Vicinity Apprenticeship Educational and Training Program is exempt from ad valorem taxes because of the above program's exemption from federal income taxation under U.S. Internal Revenue Code Section 501 (c)(3).
As stated in Attorney General Opinion 76-114 (copy enclosed), this office does not have the authority to make a decision as to whether any particular taxpayer is exempt, as this decision is based upon a factual determination. Rather, the function of this office is to give advice on the applicable law. It is the function of the assessing authorities, particularly the ultimate supervising assessing authority, the Louisiana Tax Commission, to make, subject to judicial review, the initial factual determinations on particular ad valorem tax exemptions claimed, and in doing so, they may, as further pointed out in Attorney General Opinion 76-114, examine the actual activities of the applicant, the use of the particular portion of property under consideration, and if the owner is a corporate entity, its purposes as expressed in its charter.
Article VII, Section 21, of the Louisiana Constitution states, in pertinent part, *Page 2 
 § 21. Other Property Exemptions
 Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 * * *
 (B)(1) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
 (2) property of a bona fide labor organization representing its members or affiliates in collective bargaining efforts; and
 (3) property of an organization such as a lodge or club organized for charitable and fraternal purposes and practicing the same, and property of a nonprofit corporation devoted to promoting trade, travel, and commerce, and also "property of a trade, business, industry or professional society or association, if that property is owned by a nonprofit corporation or association organized under the laws of this state for such purposes.
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial *Page 3 
purposes unrelated to the exempt purposes of the corporation or association.
 * * *
For your information and use as to possible examples of the application of these provisions, we are also enclosing a copy of Attorney General Opinion 79-861, wherein several types of exemptions are discussed. Moreover, subsequent to this enclosed opinion, the Louisiana Supreme Court decided the case of HotelDieu et al. v. Williams. etc. et al., 410 So.2d 1111 (La., 1982), to which special attention must be paid.
In the Hotel Dieu case, the Louisiana Supreme Court held that an office building and parking garage operated by a nonprofit corporation for purposes relating to an adjacent nonprofit hospital were exempt from ad valorem taxes. The nonprofit corporation operating these properties was determined to be the alter ego of the hospital. The court also found that the space in the office building, except for a restaurant, was leased only for medical purposes and to tenants who had some connexity to the hospital and that the restaurant was a necessary eating facility for physicians, staff members, patients and their families. While the parking lot was open to the public, the court found that its customers were primarily those with business at the hospital or the medical office building and that 181 out of 281 of its parking spaces were contracted by physicians and other employees at the hospital and the medical office building or in connection with L.S.U. medical education programs conducted at the hospital. The court also found that all net revenues from the office building and the parking garage would go to the hospital for treatment of indigent persons and other hospital activities.
As Article VII, Section 21, of the Louisiana Constitution states, "no other" property than that provided for in these constitutional provisions shall be exempt. Therefore, the persons responsible for the ad valorem taxes on the property in question must establish an exemption under one of the constitutional provisions for exemptions and cannot, without, for example, any hint whatsoever as to the actual use to which the property is put, rely merely on the federal Internal Revenue Code exemptions. It may well turn out to be *Page 4 
that the property will be exempt under Subsection B of ArticleVII, Section 21, of the Louisiana Constitution, above, but notsolely because the owner has an established exemption for itself under federal Internal Revenue Code Section 501 (c) (3).
We trust that this opinion has satisfied your inquiry, and, with warmest regards, we remain
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: THOMAS S. HALLIGAN
Assistant Attorney General
TSH/cnw Encl.
cc: Robert H. Abbott, III (w/encl.)
OPINION NUMBER 86-49
OPINION NUMBER 80-219
March 28, 1980
 15-A — CONSTITUTIONAL LAW 119 — TAXATION (Exemptions) 129 — TAXATION (ad valorem) Const. 1974, Art. VII, Sec 21(B)
Mr. Claude Mauberret, Jr. Real Property owned by nonprofit Assessor corporation, a portion of which Second Municipal District is used for commerce purposes is Board of Assessors subject to ad valorem taxes. Parish of Orleans However, that portion of property 4E01 City Hall — Civic Center used for a tax exempt purpose is 1300 Perdido Street not taxable. New Orleans, LA 70112