Dear Mr. Beniot:
You have requested an opinion of the Attorney General regarding the ad valorem tax exempt status of properties owned by the American Legion Hospital (Hospital), located in Crowley. You state that the Hospital is afforded exemption from ad valorem taxes pursuant to Article VII, Section 21 of the Louisiana Constitution of 1974.
You further state that, over the last three years, the hospital has purchased property which is not adjacent thereto, which it has leased to medical professionals. You specifically ask whether property owned by the Hospital and leased to these medical professionals are, likewise, exempt from ad valorem taxes.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and state law to the assessor, the Louisiana Tax Commission and, ultimately; the courts. Attorney General Opinion Nos. 99-281, 99-155, 97-100 and 94-603.
Further, the jurisprudence of this State has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed in favor of the taxing body, and against the taxpayer desiring the exemption. Zapata Haynie Corp. v. Larpenter,583 So.2d 867 (La.App. 1st Cir. 1991), writ denied. With these principles in mind, we focus now upon the issue presented in your request.
As you are aware, Article VII, Section 21 (B)(1)(a) provides the following with respect to the exemption from ad valorem taxes:
 Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 * * *
 (B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for health . . . purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
 * * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
Addressing the issue of exemption, this office has consistently held that in order to qualify for an exemption from ad valorem taxes under Article VII, Section 21 (B), the property must meet all four of the basic requirements of said Article, to wit:
 1. The organization must be a nonprofit organization or association organized exclusively for one of the designated purposes;
 2. No part of the net earnings inure to the benefit of any stockholder or member thereof;
 3. Said nonprofit corporation or association must be exempt from federal or state income tax; and
 4. None of the property of the nonprofit corporation of association is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
These criteria have been discussed by this office within the context of health uses. The most significant consideration to be made is the manner in which the property is being used. Attorney General Opinion 79-861.
This office has consistently opined that, should the assessing authorities (i.e., the assessor and/or the tax commission) determine that a nonprofit corporation's or association's operations, with respect to the property in question, satisfy the aforementioned requirements, exemptions from ad valorem taxes is appropriate.
Conversely, if all or a portion of the property is used for commercial purposes unrelated to the exempt purposes, there is no, or only a partial, exemption.
We also bring to your attention the ruling in the case of Hotel Dieuet al. v. Williams, et al., 410 So.2d 1111 (La. 1982), to which special attention must be paid. In the Hotel Dieu case, the Louisiana Supreme Court held that an office building and parking garage owned by a nonprofit corporation for purposes related to an adjacent nonprofit hospital were exempt from ad valorem taxes. The nonprofit corporation operating these properties was determined to be the alterego of the hospital. The Court also found that the space in the office building, except for a restaurant, was leased only for medical purposes and to tenants who had some connexity to the hospital, and that the restaurant was a necessary eating facility for physicians, staff members, patients and their families. While the parking lot was open to the public, the court found that its customers were primarily those with business at the hospital or the medical office building. Given this connexity, the adjacent properties were also afforded tax exempt status.
As previously noted, the Hospital is exempt from the payment of ad valorem taxes pursuant to Article VII, Section 21 (B)(1)(a). The nonadjacent property owned by the hospital and leased to medical professionals would likewise be exempt from ad valorem taxes if it is leased for commercial purposes related to the exempt purposes of the Hospital. While it would appear that this property is being leased for purposes related to the Hospital, it is your responsibility as assessor to make this factual determination.
We trust the above information will assist you in making your determination as to the tax exempt status of the nonadjacent properties belonging to the Hospital. Should you have any additional questions concerning these matters, please do not hesitate to contact us.
With kindest regards, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/sfj