Dear Ms. Core:
You have requested an opinion of the Attorney General regarding the ad valorem tax status of properties comprising Orion College (Orion), formally designated as the LaSalle Education Corporation (Corporation).
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and State law to the Assessor, the Louisiana Tax Commission and, ultimately, the courts. Attorney General Opinion Nos. 00-054, 96-438, 94-603, 94-602, 93-392, 92-660, 89-500 and 76-114. While the Attorney General does not have the authority to grant tax exemptions, we would like to assist you as to the applicable law which may be used in making your determination.
The jurisprudence of this State has consistently held that constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any possible doubt is fatal. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established. Zapata Haney Corp. v. Larpenter,583 So.2d 867(La.App. 1st Cir. 1991) writ denied.
The exemption applicable to the property, in question, is found at Article VII, Section 21 (B) of the Louisiana Constitution of 1974. It provides, in pertinent part, the following:
 § 21. Other Property Exemptions
 Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 * * *
 (B)(1)(a) Property owned by a nonprofit corporation
or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which isdeclared to be exempt from federal and state income tax; and
 * * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association. (Emphasis Added.)
Based on the above provision, this office has consistently opined that, in order to qualify for an exemption from ad valorem taxes under Article VII, Section 21(B), the property must meet all four of the basic requirements enumerated above, to wit:
 1) The organization must be a nonprofit corporation or association organized exclusively for educational purposes;
 2) No part of the net earnings can inure to the benefit of any stockholder or member thereof;
 3) Said nonprofit corporation or association must be exempt from federal or state income tax; and
 4) None of the property of the nonprofit corporation or association can be owned, operated, leased or used for commercial purposes unrelated to the educational purposes of the corporation or association.
These criteria have been discussed by this office within the context of educational use. The most significant consideration to be made is the manner in which the property is being used. In this regard, I am enclosing copies of Attorney General Opinion Nos. 95-60, 91-298, 86-529 and 76-114 for your reference and convenience.
Accordingly, should the assessing authorities (ie. the assessor and/or the Louisiana Tax Commission) determine that the nonprofit corporation's operations, with respect to the property in question, satisfy the aforementioned requirements, exemption from ad valorem taxes is appropriate. However, if all or a portion of the property is used for commercial purposes unrelated to the exempt purposes, there is no, or only a partial, exemption. Again, it is your responsibility as assessor, subject to review by the Louisiana Tax Commission and/or the judiciary, to make the factual determination as to whether the above requirements have been met.
In determining the tax exempt status of the corporation, we recommend that you examine the actual activities of the applicant, the purpose clause of the corporation's charter and the actual use of the property under consideration. In this connection, you have submitted for our review the Articles of Incorporation and Bylaws of the Corporation, as well as correspondence from the Internal Revenue Service designating the applicant to be a nonprofit corporation. We have reviewed these documents and find nothing contained therein that would preclude the applicant from qualifying for exemption from ad valorem taxes.
In making your determination, it is imperative that you note the ruling in the case of Hotel Dieu et al. v. Williams, et al., 410 So.2d 1111
(La. 1982). In the Hotel Dieu case, the Louisiana Supreme Court held that an office building and parking garage operated by a nonprofit corporation for purposes related to an adjacent nonprofit hospital were exempt from ad valorem taxes. The nonprofit corporation operating these properties was determined to be the alter ego of the hospital. The Court also found that the space in the office building, except for a restaurant, was leased only for medical purposes and to tenants who had some connexity to the hospital and that the restaurant was a necessary eating facility for physicians, staff members, patients and their families. While the parking lot was open to the public, the Court found that its customers were primarily those with business at the hospital or the medical office building, and that one hundred eighty-one out of two hundred eighty-one of its parking spaces were contracted by physicians and other employees at the hospital and the medical office building. Given this connexity, the adjacent properties were also afforded tax-exempt status.
We trust that the above information will assist you in making your determination as to the tax-exempt status of the property owned by Orion College. Should you have additional questions concerning these matters, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/mab
Enclosures
OPINION NUMBER 95-60
MARCH 3, 1995
4 Assessors 119 Taxation — Exemptions, General 148 Taxation — Property Taxes — Liability of Person and Property Article VII, Section 21(B)(1)(a)
General discussion of the criteria to be considered in the determination of the tax exempt status of St. John's University and the Congregational Church of Practical Theology.
Honorable Charles A. AbelsAttention: Mr. Gene Williams
Assessor Livingston Parish P.O. Box 307 Livingston, La 70754
Dear Mr. Abels:
You have requested an opinion of the Attorney General regarding the ad valorem tax exempt status of two organizations — The Congregational Church of Practical Theology (Church) and St. John's University (University) — both of which own property in Livingston Parish.
You state that your investigation of these properties did not show evidence of a church or church affiliation even though the charter is on record with the Secretary of State of Louisiana. With regard to the University, you found that a correspondence school is being operated from its location in Livingston Parish; however, the school is not recognized by the Board of Regents. You request this office to provide you with criteria to assist you in making your determination as to the taxable status of the properties.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by Article VII, Section 18
(E) of the 1974 Louisiana Constitution to the Louisiana Tax Commission (Commission). The Commission's determinations are, of course, subject to judicial review. In accord are Attorney General Opinion Nos. 93-632, 93-488 and 86-529.
The jurisprudence of this state has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed. See Ruston Hospital v. Riser, 191 So.2d 665 (La.App. 2nd Cir. 1966). Also, in Mattingly v. Vial, 193 La. 1, 190 So. 313 (1939) our Supreme Court held:
 "There is no principal of interpretation more firmly and uniformly established by the jurisprudence of this and other States than the unbroken rule that exemptions from taxation are to be strictly construed against the person claiming the exemption and that any pausable doubt is fatal."
The exemption applicable to the two properties, in question, is found at Article VII, Section 21 of the Louisiana Constitution of 1974. It provides, in pertinent in part, the following:
 "Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation.
* * *
 (B)(1)(a) Property owned by a nonprofit corporation or association, organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax; and
* * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association."
In answer to your question, this office has consistently held that in order to qualify for an exemption from ad valorem taxes under Article VII, Section 21 (B), the property must meet all four of the basic requirements of said Article, to wit:
 "1. The organization must be a nonprofit corporation or association organized exclusively for one of the designated purposes;
 2. No part of the net earnings inure to the benefit of any stockholder or member thereof;
 3. Said nonprofit corporation or association must be exempt from federal or state income tax; and
 4. None of the property of the nonprofit corporation or association is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation or association."
These criteria have been discussed by this office within the context of educational and health uses. The most significant consideration to be made is the manner in which the property is being used. In this regard, I am enclosing copies of Attorney General Opinion Nos. 93-488, 91-298, 86-529, 79-861 and 76-114 for your reference and convenience.
This office has consistently opined that, should the assessing authorities (i.e., the assessor and/or the Commission) determine that a nonprofit corporation's or association's operations, with respect to the property in question, satisfy the aforementioned requirements, exemption from ad valorem taxes is appropriate. Conversely, if all or a portion of the property is used for commercial purposes unrelated to the exempt purposes, there is no, or only a partial, exemption. Again, it is your responsibility as assessor, subject to review by the Commission and/or judiciary, to make the factual determination as to whether the above requirements have been met.
In making the above determination, you may examine the actual activities of the organizations in question, the use of the property under consideration and the purpose clause in the organizations' charters.
We also bring to your attention the ruling in the case of Hotel Dieu etal. v. Williams, et al. 410 So.2d 1111 (La. 1982), to which special attention must be paid. In the Hotel Dieu case, the Louisiana Supreme Court held that an office building and parking garage operated by a nonprofit corporation for purposes related to an adjacent nonprofit hospital were exempt from ad valorem taxes. The nonprofit corporation operating these properties was determined to be the alter ego of the hospital. The court also found that the space in the office building, except for a restaurant, was leased only for medical purposes and to tenants who had some connexity to the hospital and that the restaurant was a necessary eating facility for physicians, staff members, patients and their families. While the parking lot was open to the public, the court found that its customers were primarily those with business at the hospital or the medical office building and that 181 out of 281 of its parking spaces were contracted by physicians, other employees at the hospital, the medical office building and the L.S.U. medical education program conducted at the hospital. Given this connexity, the adjacent properties were also afforded tax exempt status.
We trust that the above information will assist you in making your determination as to the tax exempt status of the subject properties. Should you have any additional questions concerning these matters please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/gbe
OPINION NUMBER 91-298
July 26, 1991
129 — TAXATION
Property of a charitable foundation must meet four criteria under Art. 7, Sec. 21(B)(1) to qualify for ad valorem tax exemption. Art. 7, Sec. 21
(B) (1), La. Const 1974.
Mr. Erroll G. Williams, Assessor Third Municipal District 4E01 City Hall New Orleans, LA 70112
Dear Mr. Williams:
This office is in receipt of your request for an opinion from the Attorney General relative to exemption of real property from taxation that belongs to charitable foundations. You refer particularly to three charitable foundations that have title to immovable property in your district, and ask if the immovable property is exempt from taxation.
The first is property acquired by the UNO Foundation which has a tax exempt status from the IRS as an educational non-profit corporation. By the articles of incorporation the Foundation's purpose mainly is to promote the well-being and advancement of the University. The property in question, acquired from Gregory O'Brien, the Chancellor, serves as the UNO Chancellor's residence, for which he pays monthly rent to the foundation.
Next is the Goldring Family Foundation, a non-profit corporation organized to promote charitable or educational purposes. In lieu of foreclosing on the property the Foundation, as holder of a promissory note secured by a mortgage, took title to the property in consideration of the cancellation of the indebtedness represented by the note for $250, 000.00 and mortgage.
Finally, there is the non-profit corporation, Joe W. and Dorothy Dorsett Brown Foundation, organized to apply the income or principal of property of the corporation for religious, charitable, scientific, literary or educational purposes. Through the judgment of possession in the Succession of Dorothy Dorsett Brown the Foundation obtained title to certain immovable property.
The answer to your question is controlled by Article VII, Section 21 of the Louisiana Constitution which provides in pertinent part as follows:
 In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 (B) (1) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earning of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax.
 * * * * * * * * * * * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
This office has stated that pursuant to this Constitutional Article for property to qualify for an exemption from ad valorem taxes, there are four basic requirements which must be met:
 1. A nonprofit corporation organized exclusively for one of the designated purposes;
 2. No part of the net earnings inure to the benefit of any stockholder or member thereof;
 3. Said nonprofit corporation is exempt from federal or state income tax; and
 4. None of the property of the nonprofit corporation is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation.
In similar inquiries this office has stated that the Assessor's Office must inquire into the facts to determine whether the non-profit corporation complies with the criteria necessary to qualify for the exemption, Atty. Gen. Op. No. 87-675. It seems in the questions presented herein the most significant consideration to be made is the manner in which the property of the nonprofit corporation is being used. If it is being used for commercial purposes unrelated to the exempt purposes of the corporation there is no exemption.
In making this determination it is pertinent to note the observations of the court in Hotel Dieu v. Williams, 403 So.2d 1255, (La.App. 1981) which was affirmed by the Supreme Court, 410 So.2d 1111. The Court stated:
 The 1974 Constitutions's language, grants the exemption to property precisely on the basis of the benevolent character of its owner: a place of worship would not appear to be exempted if owned by an individual. The basis for exempting a hospital like Hotel Dieu today lies in its ownership by a "nonprofit corporation or association organized and operated exclusively for charitable, health . . . or educational purposes . . .," . . . . Consider also the hypothetical case of vacant, unused land given to an exempt hospital: would not that land become exempt because owned by an exempt corporation and not used for commercial purposes? The 1974 language does not deny the exemption if the property is not used for the exempt purpose (as did the 1921 language), but only if it is used for "commercial purposes unrelated to the exempt purposes . . ."
The matter to be ascertained is whether the use of the property, if any, conforms to the purposes for which the organization exists. The exemption will be denied only if used for commercial purposes unrelated to the exempt purpose.
We have no information on the use, if any, being made of the properties of the Goldring Family Foundation or the Joe W. and Dorothy Dorsett Brown Foundation, and it is our opinion the Assessor's Office must inquire into the facts to determine whether the non-profit corporation complies with the four point criteria necessary to qualify for an exemption.
With regard to the Lark Street property of the UNO Foundation it would seem it qualifies for the exemption since utilized as the home of the University Chancellor and falls within the purview of a commercial use related to the purpose of the Foundation as stated in the Articles of Incorporation of promoting the well-being and advancement of the University, and to develop, expand and improve the University's facilities so as to encourage teaching, research, scholarship, and service.
We hope this opinion sufficiently answers your questions, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
OPINION NUMBER 86-529
October 24, 1986
119 Taxation — Exemptions, general 15A Constitutional Law
Art VII, Section 20 and 21, of La. Const'n.
Ad valorem tax assessment authorities (including the La. Tax Commission) must make factual determination as to whether a particular exemption claimed is actually exempt under the provisions set forth in Art VII, Section 21, of the La. Constitution. Naked fact of property owner's federal income tax exemption under U.S. Internal Revenue Code Section501(c)(3), without, for example, any hint as to the actual use to which the property is put, should not alone establish ad valorem tax exemption.
Mr. Leroy A. Martin Assessor Lafourche Parish Courthouse Thibodaux, Louisiana 70301
Dear Mr. Martin:
This opinion is in response to your request as to whether certain real (i.e., immovable) property owned by the Carpenters District Council of New Orleans and Vicinity Apprenticeship Educational and Training Program is exempt from ad valorem taxes because of the above program's exemption from federal income taxation under U.S. Internal Revenue Code Section 501
(c)(3).
As stated in Attorney General Opinion 76-114 (copy enclosed), this office does not have the authority to make a decision as to whether any particular taxpayer is exempt, as this decision is based upon a factual determination. Rather, the function of this office is to give advice on the applicable law. It is the function of the assessing authorities, particularly the ultimate supervising assessing authority, the Louisiana Tax Commission, to make, subject to judicial review, the initial factual determinations on particular ad valorem tax exemptions claimed, and in doing so, they may, as further pointed out in Attorney General Opinion 76-114, examine the actual activities of the applicant, the use of the particular portion of property under consideration, and if the owner is a corporate entity, its purposes as expressed in its charter.
Article VII, Section 21, of the Louisiana Constitution states, in pertinent part.
 § 21. Other Property Exemptions
 Section 21. In addition to the homestead exemption, n provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 * * *
 (B)(l) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
 (2) property of a bona fide labor organization representing its members or affiliates in collective bargaining efforts; and
 (3) property of an organization such as a lodge or club organized for charitable and fraternal purposes and practicing the same, and property of a nonprofit corporation devoted to promoting, trade, travel, and commerce, and also property of a trade, business, industry or professional society or association, if that property is owned by a nonprofit corporation or association organized under the laws of this state for such purposes.
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
 * * *
For your information and use as to possible examples of the application of these provisions, we are also enclosing a copy of Attorney General Opinion 79-861, wherein several types of exemptions are discussed. Moreover, subsequent to this enclosed opinion, the Louisiana Supreme Court decided the case of Hotel Dieu et al. v. Williams, etc., et al.,410 So.2d 1111 (La., 1982), to which special attention must be paid.
In the Hotel Dieu case, the Louisiana Supreme Court held that an office building and parking garage operated by a nonprofit corporation for purposes relating to an adjacent nonprofit hospital were exempt from ad valorem taxes. The nonprofit corporation operating these properties was determined to be the alter ego of the hospital. The court also found that the space in the office building, except for a restaurant, was leased only for medical purposes and to tenants who had some connexity to the hospital and that the restaurant was a necessary eating facility for physicians, staff members, patients and their families. While the parking lot was open to the public, the court found that its customers were primarily those with business at the hospital or the medical office building and that 181 out of 281 of its parking spaces were contracted by physicians and other employees at the hospital and the medical office building or in connection with L.S.U. medical education programs conducted at the hospital. The court also found that all net revenues from the office building and the parking garage would go to the hospital for treatment of indigent persons and other hospital activities.
As Article VII, Section 21, of the Louisiana Constitution states, no other" property than that provided for in these constitutional provisions shall be exempt. Therefore, the persons responsible for the ad valorem taxes on the property in question must establish an exemption under one of the constitutional provisions for exemptions and cannot, without, for example, any hint whatsoever as to the actual use to which the property is put, rely merely on the federal Internal Revenue Code exemptions. It may well turn out to be that the property will be exempt under Subsection B of Article VII, Section 21, of the Louisiana Constitution, above, but not solely because the owner has an established exemption for itself under federal Internal Revenue Code Section 501 (c)(3).
We trust that this opinion has satisfied your inquiry, and, with warmest regards, we remain
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY:__________________________ THOMAS S. HALLIGAN Assistant Attorney General
TSH/cnw
OPINION NUMBER 76-114
March 29, 1976
119 Taxation — Exemptions
15A Constitutional Law Question of whether Gulf South Research Institute is exempt from ad valorem taxes to be determined by La. Tax Commission — being contingent upon guidelines set out in accordance with Article VII, Section 21 of 1974 La. Constitution.
RE: Gulf South Research Institute — Exemption from payment of Ad Valorem Taxes
Mr. C. Gordon Johnson Chairman Louisiana Tax Commission P.O. Box 44244 Baton Rouge, Louisiana 70804
Dear Mr. Johnson:
You have requested an opinion from this office as to whether the Gulf South Research Institute is entitled to be exempt from the payment of ad valorem taxes.
Gulf South Research Institute has an appeal before your commission seeking an exemption, under the provisions of Section 21, Article VII of the Louisiana Constitution of 1974, because of its activities in the following fields:
1) Education
2) Promotion of Trade, Travel and Commerce
3) Health Research Programs
We have concluded that our office does not have the authority to make a decision as to whether any particular taxpayer is exempt, as this decision is based upon a factual determination. Your commission is granted the exclusive right to make such a decision under the provisions of Article VII, Section 18 (E) of the 1974 Louisiana Constitution.
However, as Attorney for the State of Louisiana, its officers, agencies and boards, we would like to assist you by furnishing to your commission our opinion as to the applicable law which may be used by your. commission in making individual decisions regarding particular taxpayer' s appeals.
Section 21, (B), (1) and (3) of Article VII, Louisiana Constitution of 1974 exempts property from ad valorem taxation belonging to certain nonprofit corporations in the following terms:
 "(1) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places or burial, charitable, health, welfare, fraternal, or educational purposes, no part or the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax.
 (3) Property of an organization such as a lodge or club organized for charitable and fraternal purposes and practicing the same, and property of a nonprofit corporation devoted to promoting trade, travel, and commerce, and also property of a trade, business, industry or professional society or association, if that property is owned by a nonprofit corporation or association organized under the laws of this, state for such purposes.
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association
The provisions of Louisiana's prior Constitution, in relation to the exemptions being considered, have been changed in the 1974 Constitution and, therefore, the prior jurisprudence and opinions are not helpful in resolving this inquiry.
The Louisiana Constitution of 1921, Article 10, S4 (2) exempted the property of schools and colleges to the extent of the property and grounds used for that purpose and not leased for profit or income.
Two changes in relation to education have been effected by the new Constitution, i.e., that property be owned by a nonprofit corporation which was organized and is operated exclusively for educational purposes.
The exemption granted in Section 21, (B) (1) (La. Const. of 1974) to the property of nonprofit corporations organized and operatedexclusively for health purposes is new. The prior Constitution exempted property devoted to charitable undertakings but did not contain an exemption of property used for health purposes.
Louisiana's prior Constitution, Article 10, S4 (18), exempted property devoted to the development and promotion of trade, travel and commerce between the peoples of the United States with the peoples of other countries. The exemption in the new Constitution applies to property of a nonprofit corporation devoted to promoting trade, travel and commerce, which is a much broader exemption.
The last paragraph of Section 21 (B) (3) provides that property used for commercial purposes unrelated to the exempt purpose of the corporation shall not be exempt. You must, therefore, consider whether the activities conducted by the applicant and the property's use is commercial and, if so, whether such activities and use are related to the exempt purposes of the corporation.
The wording of this paragraph was thoroughly debated by the Constitutional Delegates (Volume 23, October 26, page 45 and Volume 23, October 31st, page 12, Transcript of the Constitutional Convention). It will be seen from the debates that the purpose of this article was to tax property belonging to a nonprofit corporation which was used for commercial purposes unless such commercial use was related to the exempt purpose of the corporation. This test is basically the same as that used by the United States Internal Revenue Service. Under this test e.g. a hospital would not lose its exempt status because a cafeteria for the use of personnel and visitors was operated in the hospital; however, if this hospital owned land six blocks away and a commercial business was being operated thereon which was unrelated to hospital service, the property would not be exempt from taxation.
With this general recitation of the law as a guide, we suggest that, in considering any application for exempt status of property, the following factors be considered and questions asked:
 1) Applications based upon educational and health activities
 A) Is the property, under consideration, owned by a nonprofit corporation?
 B) Is the corporation a nonprofit corporation?
 C) Does any part of the net earnings inure to the benefit of any private shareholder or member?
 D) Is the corporation exempt from federal and state income tax?
 E) Was the corporation organized and is it operated exclusively for health or educational purposes?
 F) Is the property being used for commercial purposes unrelated to the exempt purposes of the corporation?
 2) Application based upon promotion of trade, travel and commerce
 A) Is the property, under consideration, owned by a nonprofit corporation?
 B) Is the corporation a nonprofit corporation?
 C) Is the corporation devoted to promoting trade, travel and commerce?
 D) Is the property being used for commercial purposes unrelated to the exempt purposes of the corporation?
Although, it will be noted, under the constitutional provisions quoted above (Section 21, B, 3 of Article VII) the requirements relating to earnings by a stockholder and the exempt status of both federal and state income tax (when are listed in Section 21, B, 2 of Article VII) are not repeated, it is our opinion that these two requirements are necessary for a corporation (devoted to trade, travel and commerce) to be considered nonprofit.
It will also be noted that the words "devoted to promoting trade, travel and commerce" are used rather than the words in sub part 1 which require corporations to be operated exclusively for various purposes listed therein.
for the corporation must be "devoted" to promoting trade, travel and commerce. The word "devoted" denotes a singleness of purpose and dedication to certain objectives of such a degree as to be one of the main purposes of the corporation.
In seeking to determine the answers to the questions we have submitted, you may examine the actual activities of the applicant, the purpose clause of the corporation's charter and the use of the particular portion of property under consideration.
If we can be of any further assistance to your Board, please request any further information you may need.
With best regards, I am
Yours very truly,
 WILLIAM J. GUSTE, JR. Attorney General
WJG, Jr./glp