899 So.2d 736 (2005)
WILLIS-KNIGHTON MEDICAL CENTER, Plaintiff-Appellee,
v.
Bobby W. EDMISTON, Assessor, Bossier Parish, et al., Defendant-Appellant.
Nos. 39,374-CA to 39,377-CA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
*737 Patrick R. Jackson, James D. Southerland, Benton, for Appellants, Bobby W. Edmiston and Larry C. Deen, Sheriff.
James D. Hall, Bossier City, for Appellant, City of Bossier City and Charles E. Glover.
Michael D. Rubenstein, Robert S. Angelico, New Orleans, for Appellee, Willis-Knighton.
Vyrona M. Wiltz, Jack K. Whitehead, Jr., Baton Rouge, for Appellee, Malcolm B. Price, Jr., Chairman, Louisiana Tax Commission.
Before WILLIAMS, MOORE and LOLLEY, JJ.
WILLIAMS, Judge.
In these consolidated cases, the defendants, Bobby Edmiston, Assessor of Bossier Parish, Larry Deen, Sheriff and ex-officio tax collector of Bossier Parish, and Charles Glover, tax collector of Bossier City, appeal summary judgments in favor of the plaintiff, Willis-Knighton Medical Center ("Willis-Knighton"). The district court denied the defendants' motion for summary judgment. For the following reasons, we affirm.

FACTS
Willis-Knighton was formed as a Louisiana non-profit corporation in 1949. Willis-Knighton built a hospital and medical office building in Bossier City, the Parish of Bossier, as part of the "WK Bossier Health Center." The hospital and adjacent medical office building are joined by a common atrium. A portion of the office building is leased to private physicians who are members of the Willis-Knighton medical staff and who use the offices to treat patients. Another portion of the office building was subdivided into condominium units, which were sold to private physicians. Each condominium unit was separately assessed with ad valorem taxes, which were paid by the individual owners.
In the years 2000, 2001, 2002 and 2003, the City and Parish of Bossier assessed ad valorem taxes on the portion of the medical office building owned by Willis-Knighton and leased to private physicians. Willis-Knighton paid under protest ad valorem taxes in the amount of $135,214.28 to Bossier Parish and $36,609.69 to Bossier City, for total tax payments of $171,823.97. The plaintiff, Willis-Knighton, filed petitions against the defendants in each of the above years, claiming a tax exemption under La. Const. art. VII, § 21(B)(1)(a) and seeking a refund of the *738 taxes paid and removal of the property from the City and Parish tax rolls. These cases were later consolidated by the district court. The Louisiana Tax Commission, originally named as a defendant, was dismissed from the case by joint motion of the parties.
Subsequently, Willis-Knighton filed its first motion for summary judgment alleging improper assessment and collection of ad valorem taxes by the defendants. After a hearing, the district court denied summary judgment, finding that there were unanswered questions of fact regarding the issue of whether any individual shareholder of Willis-Knighton had benefitted from the office building leases.
In response to the district court's findings, Willis-Knighton filed a second motion for summary judgment on the grounds that it was exempt from taxation and submitted the affidavit of Ira Moss, the vice-president and administrator of Willis-Knighton, describing the hospital's use of the lease proceeds. Defendants filed a cross motion for summary judgment alleging that Willis-Knighton was not entitled to a tax exemption.
After a hearing, the district court issued written reasons for judgment, finding that Willis-Knighton was entitled to a tax exemption because its leasing of office space to physicians was a use of the property for a commercial purpose related to the non-profit hospital's exempt purpose of treating sick and diseased patients. The district court rendered separate summary judgments in favor of Willis-Knighton for each consolidated case, denied the defendants' motion for summary judgment and ordered defendants to remove from the tax rolls that portion of the office building leased to physicians and to refund the amount of ad valorem taxes paid by Willis-Knighton. Defendants appeal the judgments.

DISCUSSION
The defendants contend the district court erred in granting plaintiff's motion for summary judgment. Defendants argue that the medical office building should not be exempt from ad valorem taxation because the facility is partially owned by for-profit entities in addition to the ownership of the non-profit corporation.
La. Const. art. VII, § 21 provides in pertinent part:
In addition to the homestead exemption..., the following property and no other shall be exempt from ad valorem taxation:
* * *
(B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
* * *
None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
Section 21(B) first exempts all property belonging to a qualified non-profit corporation, and then excludes from that exemption certain specified property, that which is "owned, operated, leased, or used" for an unrelated commercial purpose. Board of Administrators of Tulane Education Fund v. Louisiana Tax Comm., 97-0663 (La.App. 4th Cir.10/1/97), 701 So.2d 702; Hotel Dieu v. Williams, 403 So.2d 1255 (La.App. 4th Cir.1981), aff'd, 410
*739 So.2d 1111 (La.1982). Exemptions from taxation are strictly construed against the taxpayer claiming the benefit thereof and must be clearly, unequivocally and affirmatively established by the taxpayer. Johnson v. New Orleans Charities Building Corporation, 00-2772 (La.App. 1st Cir.2/15/02), 812 So.2d 741.
Citing Johnson, supra, the defendants argue that the office building is not exempt from ad valorem taxation because of the "bifurcated ownership" of the property by the plaintiff and by for-profit entities. However, the Johnson case did not involve the issue of separate ownership. In that case, the single non-profit owner admittedly leased a portion of its building for commercial purposes that were unrelated to its exempt purpose and sought a tax exemption for the non-commercially leased portion of the building.
In contrast, the issue in this case is whether plaintiff's leasing of office space to private physicians is a commercial purpose which is related to the non-profit mission of the hospital, such that the property is exempt from ad valorem taxation. The cited authority does not support defendants' argument that ownership of one portion of the building by for-profit entities means that the portion owned by plaintiff cannot qualify for tax exemption. Rather, these portions are treated as independent parcels for the purpose of taxation, as shown by defendant's issuance of separate assessments for the privately-owned portion and for that owned by plaintiff. Thus, the portion of the office building owned by plaintiff and leased to physicians will qualify for a tax exemption if the criteria of Article VII, Section 21(B) are satisfied. The assignment of error lacks merit.
In their second assignment of error, the defendants contend the district court erred in denying their motion for summary judgment. They argue that plaintiff's property is not eligible for tax exemption under Article VII, Section 21(B) because leasing office space and providing common areas to for-profit entities are commercial purposes unrelated to plaintiff's exempt purpose.
An operation owned by a non-profit corporation can retain its exemption even though some of its activities may be classified as commercial. Hotel Dieu, supra. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. However, if the mover will not bear the burden of proof at trial on the matter, the mover is required to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. The non-moving party must then produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
Defendants argue that the leasing of medical office space is not related to the plaintiff's exempt purpose because the physician tenants only refer a fraction of their patients to Willis-Knighton hospital and 60% of the building is leased to or owned by for-profit entities. Defendants assert that the relationship of the physicians to Willis-Knighton hospital is not *740 sufficiently close to satisfy the requirements stated in Hotel Dieu, supra. In that case, the doctors admitted a higher percentage of patients to Hotel Dieu hospital than were admitted by the physicians leasing office space in the present case. Considering the language of the constitutional provision and the courts' decisions in Hotel Dieu, we cannot agree with defendants' assertion that a particular rate of hospital admissions is required to show that the activity of leasing office space to physicians is related to the plaintiff's exempt purpose. Although the courts in the Hotel Dieu case noted the number of hospital admissions, that factor alone was not determinative of the courts' finding that the office building and parking garage were related to the hospital's exempt purpose.
The parties do not dispute that Willis-Knighton is a non-profit corporation organized and operated for health care purposes, that none of its income inures to the benefit of any private shareholder and that it is exempt from federal and state income taxes. Regarding the hospital's non-profit mission, the plaintiff's articles of incorporation provide that Willis-Knighton was formed for "charitable, scientific and educational purposes, with the objective of acquiring and operating a hospital or hospitals without profit, for the reception and treatment of sick and diseased human beings."
The evidence presented demonstrates that the physicians who lease office space are members of the medical staff of Willis-Knighton and that these physician tenants use the office space for the examination and treatment of patients. Based upon this record and under the circumstances of this case, we conclude that the leasing of property to private physicians for the treatment of patients is a commercial purpose which is reasonably related to the plaintiff's exempt purpose of delivering medical care to individuals.
Consequently, the property in question meets all of the criteria of Article VII, Section 21(B)(1)(a) of the Louisiana Constitution and is exempt from ad valorem taxation. Thus, the district court did not err in granting summary judgment in favor of the plaintiff and in denying the defendants' motion for summary judgment. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the district court's summary judgments in favor of Willis-Knighton Medical Center are affirmed. Costs of this appeal are assessed to the appellants, Bobby Edmiston, Assessor of Bossier Parish, Larry Deen, Sheriff and ex-officio tax collector of Bossier Parish, and Charles Glover, tax collector of Bossier City, to the extent allowed by law.
AFFIRMED.