950 So.2d 720 (2006)
WHITTEN FOUNDATION
v.
Frank GRANGER, III, in His Capacity as Tax Assessor for East Baton Rouge Parish, Louisiana; the Louisiana Tax Commission; & Elmer Litchfield in His Capacity as Sheriff & Ex-Officio Tax Collector for East Baton Rouge Parish, Louisiana.
No. 2004 CA 0934R.
Court of Appeal of Louisiana, First Circuit.
November 3, 2006.
Thomas D. Fazio, Baton Rouge, for Plaintiff-Appellant Whitten Foundation.
Brian A. Eddington, Baton Rouge, for Defendant-Appellee East Baton Rouge Parish Assessor.
Leu Anne Lester Greco, Baton Rouge, for Defendant-Appellee Sheriff Elmer Litchfield.
Before: CARTER, C.J., KUHN, PETTIGREW, McDONALD, and HUGHES, JJ.
PETTIGREW, J.
This matter is before the court pursuant to a writ granted by the Louisiana Supreme Court, in which the supreme court ordered this court to review the motion for summary judgment on the merits. Whitten Foundation v. Granger, XXXX-XXXX (La.2/10/06), 920 So.2d 864. Said decision reversed this court's prior unpublished opinion, wherein we found there *721 were material issues of fact in dispute and affirmed in part, reversed in part, and remanded the case to the trial court. Whitten Foundation v. Granger, XXXX-XXXX (La.App. 1 Cir. 6/24/05, 904 So.2d 94) (unpublished).
The question presented by the instant appeal is whether the lease by Whitten Foundation ("Whitten"), a non-profit corporation, of its apartment units to non-low income tenants is a commercial use of properties that is related to its tax exempt purpose. From a denial of Whitten's motion for summary judgment and a grant of summary judgment in favor of the taxing authority, Whitten appeals. For reasons hereinafter enumerated, we affirm the judgment of the trial court.

FACTS
The facts of this case are largely uncontested and have been established through a Joint Stipulation of Facts executed between the plaintiff, the Whitten Foundation ("Whitten"), and the defendant, the Assessor for East Baton Rouge Parish, Louisiana ("Assessor").
The parties have stipulated that Whitten is a Louisiana non-profit corporation that owns immovable property in East Baton Rouge Parish, Louisiana; namely, The Promenade at Sherwood apartment complex consisting of 219 rental units, and The Bengal apartment complex consisting of 183 rental units. For the year 2001, Whitten was assessed taxes totaling $111,414.48 on these two apartment complexes.
Whitten paid taxes in the amount of $102,207.83 to the Sheriff of East Baton Rouge Parish under protest on December 28, 2001. The remaining balance owed, namely $9,206.65, was paid by Whitten under protest on January 9, 2002.
In accordance with the provisions of Louisiana Revised Statute 47:2110, Whitten initiated the instant litigation within thirty days of its payment, seeking a refund of all amounts paid under protest for 2001 property taxes together with interest. Whitten claimed that it is a non-profit, tax-exempt charitable-purpose entity that is exempt from ad valorem taxation pursuant to Article VII, Section 21(B) of the Louisiana Constitution of 1974. Claiming that the statute was unclear as to the proper defendant, Whitten filed suit against the Assessor, the Sheriff of East Baton Rouge, and the Louisiana Tax Commission.[1]
On June 25, 2002, Whitten filed a motion for summary judgment, or in the alternative, for partial summary judgment and submitted the affidavit of its secretary-treasurer, Robert G. Barney, together with attachments. Following a hearing, the trial court denied Whitten's motion on September 16, 2002.
As previously noted, Whitten and the Assessor agreed to a Joint Stipulation of Facts on September 2, 2003, that was subsequently filed into the record.
It is undisputed that Whitten has been determined to be exempt from federal income tax pursuant to Section 501(a) of the Internal Revenue Code as an "exempt purposes" organization described in Section 501(c)(3) of the Internal Revenue Code. Whitten's exempt purpose is to provide decent, safe, and sanitary rental housing that is affordable to low-income and moderate-income persons. No part of Whitten's net earnings inure to the benefit of any directors or officers of the corporation.
*722 It was also stipulated that during the calendar year 2001, approximately 30.5 percent of the occupied units in The Promenade at Sherwood apartments were rented to and occupied by "lower-income tenants" defined as persons or families with adjusted income that does not exceed fifty (50%) percent of the median income for the applicable metropolitan statistical area, adjusted for household size. The remaining 69.5 percent of the occupied units in The Promenade at Sherwood apartments were rented to and occupied by non-lower-income tenants.
The parties also stipulated that during the calendar year 2001, approximately 88.6 percent of the occupied units in The Bengal apartments were rented to and occupied by "lower-income tenants" defined as persons or families with adjusted income that does not exceed fifty (50%) percent of the median income for the applicable metropolitan statistical area, adjusted for household size. The remaining 11.4 percent of the occupied units in The Bengal apartments were rented to and occupied by non-lower-income tenants. The Bengal apartments are predominantly occupied by students attending Louisiana State University.
It was also stipulated that Whitten provides no rent reduction for lower-income tenants. All tenants of The Promenade at Sherwood apartments and The Bengal apartments paid the same rental rates for the comparable unit sizes and types available during the calendar year 2001, regardless of income. Additionally, the rent paid by tenants of The Promenade at Sherwood apartments and The Bengal apartments is comparable to the rent paid by tenants in comparable commercially operated apartment complexes located in East Baton Rouge Parish.
The parties further stipulated that the median income for the Baton Rouge metropolitan statistical area in calendar year 2001 was $49,200.00. The Internal Revenue Code, federal regulations promulgated therewith, and Tax Regulatory Agreements, to which Whitten is a party, do not require that all of the tenants of these apartment complexes meet the definition of lower-income tenants in order for Whitten to maintain its exemption from federal income taxation under Section 501 of the Internal Revenue Code. Whitten's leasing of units to non-lower income tenants is a commercial use of the properties. As part of their stipulation, Whitten and the Assessor expressly reserved for judicial determination the issue of whether such use constitutes a "commercial purpose unrelated to the exempt purpose of the corporation or association," as that term is used in Art. VII, § 21(B) of the Louisiana Constitution.
On the same date the Joint Stipulation of Facts was filed into the record, Whitten re-urged its motion for summary judgment, or alternatively for partial summary judgment, and submitted the affidavit of its president, Lamond Whitten, together with attachments.[2] A cross-motion for summary judgment was filed by the Assessor, who urged that Whitten was not entitled to an exemption from ad valorem taxation or a refund of the taxes it paid under protest. Attached to Lamond Whitten's affidavit was an exhibit that included a listing of various apartment complexes owned by Whitten in other cities in Louisiana, including Lake Charles and Lafayette. *723 It was this exhibit that the majority in the June 24, 2005 unpublished opinion of this court felt created material issues of fact, thus precluding summary judgment. Neither party submitted an affidavit concerning the operations of these other properties or facts concerning the proceeds of the Baton Rouge properties being utilized to operate these other facilities in Lake Charles and Lafayette. In the supreme court's remand, they declare they do not perceive any genuine issues of material fact. We are constrained to follow their determination.

ACTION OF THE TRIAL COURT
Following a hearing, the trial court, through oral reasons for judgment, denied Whitten's Motion for Summary Judgment, granted the Assessor's Cross-Motion for Summary Judgment, and decreed that Whitten is not entitled to an exception from ad valorem taxation pursuant to Article VII, Section 21(B) of the Louisiana Constitution. A judgment to this effect was signed on February 13, 2004. On February 26, 2004, Whitten filed a motion seeking a devolutive appeal.
On May 24, 2004, the parties filed a motion to supplement the record on appeal with the affidavit of Lamond Whitten that was previously filed into the record along with exhibits on November 5, 2003.

ISSUES PRESENTED FOR REVIEW
In connection with its appeal in this matter, Whitten presents the following issues for consideration by this court:
1. Whether the trial court erred in holding that all tenants of the subject apartment complexes must meet low income requirements in order for Whitten to be entitled to the exception it claims;
2. Whether the trial court erred in holding that the subject apartment complexes are operated for commercial purposes unrelated to Whitten's charitable purpose;
3. Whether the trial court erred as a matter of law in denying the re-urged motion for summary judgment or, alternatively, for partial summary judgment filed by Whitten.

LEGAL PRECEPTS
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Co-op., Inc., 2001-2956, p. 3 (La.App. 1 Cir. 12/30/02), 836 So.2d 484, 486. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966 B.
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, and is now favored. La.Code Civ. P. art. 966 A(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Williams v. Storms, 2001-2820, p. 3 (La.App. 1 Cir. 11/8/02), 835 So.2d 755, 758.
The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. Bergeron v. Williams, 99-0886, p. 4 (La.App. 1 Cir. 5/12/00), 764 So.2d 1084, 1087, writ denied, XXXX-XXXX (La.9/15/00), 768 So.2d 1281. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual *724 support sufficient to satisfy his evidentiary burden at trial. La.Code Civ. P. art. 966 C(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. Id.
A "genuine issue" is a "triable issue." More precisely, an issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. See Smith v. Our Lady of the Lake Hospital, Inc., 639 So.2d 730, 751 (La.1994).
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Simply put, a "material" fact is one that would matter at a trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Id.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (Rho Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.

DISCUSSION AND ANALYSIS
The issues to be decided in this case are both factual and legal ones. Louisiana's Constitution exempts certain property from ad valorem taxation, among which is property owned by certain non-profit organizations. Article VII, § 21(B) of the Louisiana Constitution of 1974 provides in pertinent part:
In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
. . . .
(B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax. . . .
. . . .
None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
The parties to this matter agree that the aforementioned constitutional provision establishes a four-point test to determine if an exemption from ad valorem taxation is appropriate:
(1) The property owner must be a non-profit corporation organized and operated exclusively for charitable purposes;
(2) No part of the net earnings may benefit any private shareholder;
(3) The non-profit corporation must have been declared exempt from income taxation; and
(4) The property cannot be owned, operated, leased, or used for any commercial purpose unrelated to the exempt purposes of the corporation.
In addition, it is well established that exemptions from taxation are strictly construed against the taxpayer claiming the benefit thereof and must be clearly, unequivocally, and affirmatively established by the taxpayer. Archer Daniels Midland Company v. Parish School Board *725 of the Parish of St. Charles, XXXX-XXXX, p. 11 (La.11/28/01), 802 So.2d 1270, 1278.
Whitten's compliance with the second and third points set forth above is undisputed. The parties have stipulated that no part of Whitten's earnings benefit any private shareholder and Whitten has been determined to be exempt from income taxation. The parties disagree strongly with respect to whether Whitten's operation of two apartment complexes in East Baton Rouge Parish constitutes a "charitable purpose" and whether said properties are being operated for commercial purposes unrelated to the exempt purposes of the corporation.
Existence of a Charitable Purpose
The definition of exactly what constitutes a "charitable purpose" is not set forth in the Louisiana Constitution. The language of Article VII, Section 21(B) of the Louisiana Constitution was analyzed by the fourth circuit in Hotel Dieu v. Williams, 403 So.2d 1255, 1256 (La.App. 4 Cir.1981) aff'd, 410 So.2d 1111 (La.1982), wherein the court concluded:
[T]he language of art. 7 s 21(B)(1) will not support any other grammatical construction than that it exempts all "(p)roperty owned by a nonprofit corporation" which corporation (not which corporation's property) is "organized and operated exclusively" for specified benevolent purposes. . . . It is only the last paragraph of s 21(B) that reduces the universality of that exemption, and that last paragraph denies the exemption only to property "owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation . . ." We conclude that the providing of medical office (and pharmacy and laboratory) spaces and parking space, in the immediate vicinity of a nonprofit hospital, by the hospital either directly or through a related nonprofit corporation created for that purpose, is not a "commercial purpose unrelated to the exempt purposes" of a hospital.
Accordingly, the fourth circuit in Hotel Dieu, reversed the trial court's judgment in favor of the defendant taxing authorities, and decreed the subject property exempt from taxation.
In Board of Administrators of the Tulane Education Fund v. Louisiana Tax Commission, 97-0663, p. 4 (La.App. 4 Cir. 10/1/97), 701 So.2d 702, 705, writ denied, 97-2745 (La.1/30/98), 709 So.2d 705, the fourth circuit was confronted with the question of whether vacant, undeveloped land owned by a non-profit corporation is exempt from ad valorem taxation. The fourth circuit referenced its earlier decision in Hotel Dieu, and concluded that even assuming defendants were correct in their assertion that said land was being held by the non-profit corporation in the hopes that it might someday appreciate in value, the land was not being used for a "commercial" purpose and was not therefore excluded from the general tax exemption set forth in Section 21(B)(1)(a). The fourth circuit therefore affirmed the declaratory judgment by the trial court and decreed the subject property exempt from taxation.
Later in New Orleans Towers Affordable Housing Corp., Inc. v. Kahn, 98-1240, p. 7 (La.App. 4 Cir. 12/29/98), 744 So.2d 50, 53, the fourth circuit affirmed a decision by the trial court that concluded that the City of New Orleans had offered no proof whatsoever to support its allegation that property purchased and substantially renovated by a non-profit corporation for use as low-income housing for elderly and disabled citizens was a commercial enterprise operating under the "cloak of a non-profit organization." The trial court observed to the contrary that the non-profit corporation offered proof to support its claim to *726 tax exempt status, specifically an IRS ruling that providing adequate housing or affordable housing to low-income families was a charitable purpose.
In Johnson v. New Orleans Charities Building Corporation, 2000-2772 (La.App. 1 Cir. 2/15/02), 812 So.2d 741, the Orleans Parish assessor appealed an adverse ruling by the Orleans Parish Board of Review to the Louisiana Tax Commission and the 19th Judicial District Court; however, both tribunals upheld the earlier decision of the Board of Review. The assessor ultimately appealed to this court. The sole issue presented was whether a non-profit corporation that leased portions of an office building for commercial purposes unrelated to the corporation's exempt purposes is entitled to a partial tax exemption for the non-commercially leased portion of that singularly-taxed property. It was clearly established from the decisions of the earlier tribunals that the portions of the office building leased for commercial purposes were leased for purposes unrelated to the non-profit organization's tax exempt status. Citing the fourth circuit's decisions in Hotel Dieu and Board of Administrators and relying on the provisions of La. Const. Art. VII § 21(B)(1), this court ruled that a partial exemption from ad valorem taxation, applied proportionately, is not provided for by La. Const. Art. VII § 21(B).
In a recent decision, the second circuit, in Willis-Knighton Medical Center v. Edmiston, 39,374 (La.App. 2 Cir. 4/6/05), 899 So.2d 736, affirmed the denial by the trial court of a motion for summary judgment filed by the assessor. In a case involving facts analogous to those presented here, the second circuit was confronted with a situation where Willis-Knighton Medical Center, a non-profit corporation, leased a portion of a medical office building, immediately adjacent to its facility, to private physicians. The second circuit concluded that based upon the record and the circumstances presented, the leasing of property to private physicians for the treatment of patients is a commercial purpose that is reasonably related to Willis-Knighton's exempt purpose of delivering medical care to individuals. Willis-Knighton, 39,374 at 7, 899 So.2d at 740.
We turn now to the issue presented by the instant case, i.e., whether Whitten's leasing of apartment units to non-lower income tenants is a commercial use of the properties that is related to Whitten's tax exempt purpose.
A common thread of all the above-mentioned cases is that the commercial use of the non-profit corporation's immovable property must be operated for the benefit of the charitable purposes of the corporation to entitle the non-profit corporation the exemption of ad valorem property taxes under Art. VII, § 21(B) of the Louisiana Constitution.
The joint stipulation introduced by the parties provides as follows in paragraphs 11 and 12:
11.
Whitten Foundation provides no rent reduction for Lower Income Tenants. All tenants at The Promenade at Sherwood Apartments and The Bengal Apartments paid the same rental rates for the comparable unit sizes and types available during the calendar year 2001, regardless of income.
12.
The rent paid by tenants of The Promenade at Sherwood Apartments and The Bengal Apartments is comparable to that paid by tenants in comparable commercially operated apartment complexes located in East Baton Rouge Parish.
*727 There is no evidence in the record before us that the low-income tenants received any type of reduction or benefits from Whitten's operation of the apartment complexes as a commercial operation. In fact, the joint stipulation indicates the low-income tenants are paying the same or comparable rates as any other commercially operated apartment complex in the Baton Rouge area. There is no question that Whitten qualifies as a non-profit corporation for the purposes of Section 501 of the Internal Revenue Code. However, Art. VII, § 21(B) of the Louisiana Constitution does not deal with income taxes. It addresses Louisiana ad valorem property taxes, which are separate and distinct from the Internal Revenue Code or the Louisiana Income Tax Laws. In addition to requiring that a corporation be organized as a non-profit corporation, Art. VII, § 21(B) of the Louisiana Constitution also requires that the corporation owner must operate exclusively for charitable purposes and that the property cannot be used for any commercial purpose unrelated to the exempt purposes of the corporation.
There is no evidence in the record that the property owner operated exclusively for charitable purposes, nor is there any evidence in the record that The Promenade at Sherwood apartment complex and The Bengal apartment complex was operating for a charitable purpose.
For these reasons The Promenade at Sherwood apartment complex and The Bengal apartment complex are not exempt from ad valorem property taxation under Art. VII, § 21(B) of the Louisiana Constitution. The trial court judgment should be affirmed.

CONCLUSION
For the above and foregoing reasons, we affirm the trial court's judgment denying Whitten's motion for summary judgment and affirming the summary judgment in favor of the Assessor for East Baton Rouge Parish, Louisiana. All costs of this appeal shall be borne by Whitten.
AFFIRMED.
NOTES
[1] The Louisiana Tax Commission was subsequently dismissed from this suit through a joint motion to dismiss without prejudice.
[2] The affidavit of Lamond Whitten together with the attachments was apparently considered by the trial court, but was inadvertently omitted from the record in this appeal. Accordingly, the parties have filed a joint motion to supplement the appellate record with the affidavit of Lamont Whitten together with attachments so as to be considered by this court in connection with this appeal.