979 So.2d 656 (2008)
WILLIS KNIGHTON MEDICAL CENTER, Plaintiff-Appellee
v.
Bobby W. EDMISTON, Assessor, Bossier Parish, Louisiana, et al., Defendants-Appellants.
Nos. 43,106-CA, 43,107-CA, 43,108-CA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
Liskow & Lewis, by Michael D. Rubenstein, Robert S. Angelico, New Orleans, for Plaintiff-Appellee.
Patrick R. Jackson, for Defendant-Appellant, Bobby W. Edmiston, Assessor, Bossier Parish.
James D. Hall, Bossier City, for Defendant-Appellant, City of Bossier City.
Southerland & Simmons, by James D. Southerland, Benton, for Defendant-Appellant, Larry C. Deen, Sheriff and Ex-Officio Tax Collector.
Before GASKINS, CARAWAY and MOORE, JJ.
GASKINS, J.
In these three consolidated cases involving a freestanding medical office building owned by a nonprofit hospital corporation, the taxing authorities appeal a summary judgment granted in favor of the nonprofit hospital corporation. The judgment ordered that the portion of the medical office building leased to doctors in private practice be removed from the taxable rolls of Bossier Parish and that the nonprofit hospital corporation be refunded taxes it paid under protest in 2003, 2004 and 2005 to Bossier Parish and the City of Bossier City. We affirm.

FACTS
In January 2004, Willis-Knighton Medical Center (WKMC), a nonprofit corporation, filed a petition seeking refund of ad *658 valorem taxes paid under protest in 2003. Named as defendants were Bobby W. Edmiston, the tax assessor of Bossier Parish; Larry C. Deen, the sheriff and ex-officio tax collector of Bossier Parish; Charles E. Glover, the tax collector for the City of Bossier City; and Russell R. Gaspard, the chairman of the Louisiana Tax Commission. In its petition, WKMC contended that in 2003, tax notices were issued to it for property it owned and leased to physicians on its staff as medical offices. (The record subsequently disclosed that this property is a freestanding medical office building located on the WK Bossier Health Center campus.) WKMC alleged that it paid the taxes under protest. It asserted that, as an organization exempt from federal tax under 26 U.S.C.A. § 501(c)(3), it is likewise exempt from Louisiana income tax under La. R.S. 47:287.501. As a result, WKMC claimed under La. Const. art. VII, § 21(B)(1)(a), its property is exempt from ad valorem taxation in Louisiana.
In January 2005, WKMC filed suit seeking refund of the ad valorem taxes it was required to pay on the same building in 2004. Edmiston, Deen and Glover were again named as defendants, as well as Elizabeth Guglielmo as the chairman of the Louisiana Tax Commission. WKMC alleged that it paid these taxes under protest and requested that they be refunded. In January 2006, WKMC filed suit seeking refund of the ad valorem taxes it paid under protest in 2005. It named the same defendants as in the suit filed in 2005.[1] In August 2006, all three of these cases were consolidated.
In January 2007, WKMC filed a motion for summary judgment. In support of the motion, it filed documentation verifying the taxes assessed against its property, the payments of these taxes under protest, its status as a nonprofit corporation, and its federal tax-exempt status. Also filed in support of the motion for summary judgment was the affidavit of Ira L. Moss, the WKMC vice president/administrator, who testified as to the facts surrounding WKMC's history and tax exemption, as well as its ownership and leasing of the medical office building at issue here. He testified that certain portions of the building have been leased to physicians in private practice; all of these doctors are members of the WKMC medical staff and use the leased premises as a facility to examine and treat their patients.[2] They also send a substantial portion of their patients to WKMC hospitals, including the WK Bossier Health Center, if hospitalization is required.
In support of its motion, WKMC noted that it had filed similar suits against the same taxing authorities as a result of ad valorem taxes it paid under protest for 2000 through 2003 on a medical office building which was attached to the WK Bossier Health Center Hospital by an atrium. In that case, the trial court granted summary judgment in favor of WKMC, and denied the defendants' motion for summary judgment; this court affirmed, citing Hotel Dieu v. Williams, 410 So.2d 1111 (La.1982). See Willis-Knighton Medical Center v. Edmiston, 39,374 (La. App. 2d Cir.4/6/05), 899 So.2d 736, writ denied, XXXX-XXXX (La.12/16/05), 917 So.2d 1105 (hereinafter "WKMC I").
*659 The defendants filed an opposition to the motion for summary judgment. They asserted that in WKMC I, the Louisiana Supreme Court's holding in Hotel Dieu was expanded and that WKMC is now attempting to further expand Hotel Dieu's limited application. In support of their opposition, they filed an affidavit from Edmiston, in which he stated that he assessed the building owned by WKMC at 2300 Hospital Drive in Bossier City and the office space leased to for-profit entities, placing those office spaces on the taxable rolls after determining that they were unrelated to WKMC's exempt purpose. They also submitted deposition excerpts from witnesses who either had offices in the building in question or worked at such offices; they were questioned about how many patients they admitted to WKMC.
The motion was argued in April 2007. In June 2007, the trial court issued a written opinion in which it ruled in favor of WKMC. The court noted the similarities between the instant case and WKMC I, which involved a building actually connected to the hospital by an atrium and common area. It also observed the defendants' "well-reasoned and compelling" argument that the instant case should be distinguished from the earlier one because the instant matter involves a freestanding building and the admission of fewer patients to the hospital by the doctors/lessees. While the court stated that it could envision factual scenarios in which a nonprofit corporation could "cross over the line" from facilitating medical service providers in furtherance of its stated mission to simply being in the commercial real estate business, it concluded that the instant case did not present such a situation. The court considered that the building is located on WKMC's Bossier campus, that certain suites are leased to private physicians who are members of the hospital medical staff, and that these doctors all use their offices to examine and treat their patients. Based upon these factors, the trial court found that the rationale of WKMC I required that the property be exempt from ad valorem taxation because it had a commercial purpose reasonably related to WKMC's exempt purpose of delivering medical care to individuals. Accordingly, the motion for summary judgment was granted.
Separate judgments in the three cases were signed in August 2007, ordering the removal from the tax rolls of the portion of the medical office building leased to doctors in private practice and the refund of the taxes paid under protest by WKMC with interest.[3]
The defendants appealed.

LAW

Summary judgment
Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Costello v. Hardy, XXXX-XXXX (La.1/21/04), 864 So.2d 129.
A court must grant a motion for summary judgment "if the pleadings, depositions, *660 answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App. 2d Cir. 1/25/06), 920 So.2d 355.
Initially, the movant bears the burden of proof. La. C.C.P. art. 966(C)(2). If the movant successfully meets this burden, then the burden shifts to the other party to present factual support adequate to establish that he/she will be able to satisfy the evidentiary burden at trial. If the other party fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment as a matter of law. Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc., XXXX-XXXX (La.5/22/07), 958 So.2d 634.

Exemption
Among others, the provisions of 26 U.S.C.A. § 501(c)(3) exempt:
Corporations . . . organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes . . ., no part of the net earnings of which inures to the benefit of any private shareholder or individual. . . .
La. R.S. 47:287.501 provides, in pertinent part:
A. General rule. An organization described in I.R.C. Sections 401(a) or 501 shall be exempt from income taxation under this Part to the extent such organization is exempt from income taxation at federal law, unless the contrary is expressly provided.
La. Const. art. VII, § 21(B)(1)(a) states, in relevant part:
Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
. . .
(B)(1)(a)(i) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
. . .
None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association.

DISCUSSION
WKMC was formed in 1949 as a nonprofit corporation; its nonprofit mission is to provide treatment for sick and diseased human beings. It is recognized as a tax-exempt organization by the IRS and by the Louisiana Department of Revenue. At issue here is a freestanding medical office building which WKMC constructed on its real property in Bossier City and which comprises a portion of the WK Bossier Health Center.
Our courts have addressed the question of medical office buildings and their possible exemption from ad valorem taxation on several occasions. In Hotel Dieu v. Williams, supra, the issue was whether a medical office building and a parking garage adjacent to a hospital were exempt *661 from ad valorem taxes under La. Const. art. VII, § 21(B)(1). Hotel Dieu Hospital was a nonprofit corporation organized solely "for charitable, religious, and educational purposes." The office building and the parking garage in questions were owned by an alter ego of the hospital. Both the hospital and the alter ego were exempt from federal and state income taxes. The trial court declared that the property was subject to taxation. The court of appeal reversed, finding that the providing of medical office spaces and parking spaces in the immediate vicinity of a nonprofit hospital by the hospital, directly or indirectly, was not a "commercial purpose unrelated to the exempt purposes" of a hospital.[4] The Louisiana Supreme Court affirmed the appellate court's decision. Both the appellate court and the supreme court in Hotel Dieu observed that, according to the transcripts of the Louisiana Constitutional Convention of 1973, an operation owned by a nonprofit corporation can retain its exemption even though some of its activities could be classified as commercial.
In its Hotel Dieu opinion, the supreme court noted that all of the doctors in the medical office building were on the hospital medical staff; 90 percent of the doctors sent all of their patients to Hotel Dieu. The office building also housed a restaurant which was used by doctors, staff members, patients and their families. While the parking lot was open to the public, it was primarily used by persons who had business at the hospital or the office building. The supreme court found that the office building and the parking lot were owned, operated, leased and used for purposes related to the exempt purposes of the hospital; that none of their earnings inured to the benefit of any private shareholder; and that the income of the hospital and its alter ego corporation were exempt from federal and state income taxes. Consequently, it concluded that the property at issue met the criteria of La. Const. art. VII, § 21(B)(1) and was exempt from ad valorem taxes.
In WKMC I, this court addressed a factual situation virtually identical to the one in the instant case. The only difference was the location of the medical office building. In the prior case, the building was actually connected to the hospital by a common atrium.
The court in WKMC I noted that while all property belonging to a qualified nonprofit corporation is exempt from taxation under La. Const. art. VII, § 21(B)(1), this provision then excludes from that exemption property which is "owned, operated, leased, or used" for an unrelated commercial purpose. We held that the portion of the office building owned by the hospital and leased to physicians would qualify for a tax exemption if the criteria of Article VII, § 21(B)(1)(a) were satisfied. As in the instant case, the defendants in WKMC I argued that the leasing of the medical office space was not related to the hospital's exempt purpose because the physician tenants only referred a fraction of their patients to the hospital, contending that the Hotel Dieu doctors referred a higher percentage to that hospital. We found in WKMC I that no particular rate of hospital admissions was required to show that the activity of leasing office space to doctors was related to the hospital's exempt purpose.
In ruling in favor of the hospital in WKMC I, this court stated:
The parties do not dispute that Willis-Knighton is a non-profit corporation organized and operated for health care purposes, that none of its income inures to the benefit of any private shareholder *662 and that it is exempt from federal and state income taxes. Regarding the hospital's non-profit mission, the plaintiffs articles of incorporation provide that Willis-Knighton was formed for "charitable, scientific and educational purposes, with the objective of acquiring and operating a hospital or hospitals without profit, for the reception and treatment of sick and diseased human beings."
The evidence presented demonstrates that the physicians who lease office space are members of the medical staff of Willis-Knighton and that these physician tenants use the office space for the examination and treatment of patients. Based upon this record and under the circumstances of this case, we conclude that the leasing of property to private physicians for the treatment of patients is a commercial purpose which is reasonably related to the plaintiffs exempt purpose of delivering medical care to individuals.

WKMC I, 899 So.2d at 740.
The defendants criticize this court's decision in WKMC I as adopting an interpretation of Hotel Dieu that "[flies] in the face of the constitutional provision as illuminated by the debates of the constitution convention." We disagree. As observed by the Louisiana Supreme Court in its Hotel Dieu opinion, the excerpts from the constitutional convention establish that an operation owned by a nonprofit corporation can retain its exemption even though some of its activities can be classified as commercial.[5] Furthermore, our decision in WKMC I is in line with the supreme court's holding in Hotel Dieu.
Location of the commercial activity is one factor to consider in determining whether a nonprofit corporation can retain its exemption even though some of its activities can be classified as commercial. Hotel Dieu, 410 So.2d at 1112. The supreme court in Hotel Dieu refers to the "adjacent" buildings as being "obviously related to the exempt purposes of the hospital." Although the office building in the instant case is apparently not physically connected to the WK Bossier Health Center Hospital, Moss' affidavit indicates that it is located on real property owned by WKMC in Bossier City, it comprises a portion of the WK Bossier Health Center, and it is in "close proximity" to the WK Bossier Health Center Hospital.
The defendants argue that the physician tenants admit an insufficient portion of their patients to WKMC for the leasing of their office building to be considered related to WKMC's exempt purpose. The deposition excerpts filed in the record show differing percentages of admission of patients by some of the physician tenants. However, the percentage of admissions is only another factor to be considered in making that determination. This factor alone is not determinative. WKMC I, 899 So.2d at 740.
As in WKMC I, the evidence presented shows that the doctors leasing office space in the building at issue here are members of the WKMC medical staff and that they use their offices to examine and treat patients. We find that the leasing of this office space, in a freestanding building located on property owned by WKMC as part of its Bossier campus, to these private doctors for the treatment of their patients is a commercial purpose reasonably related *663 to WKMC's exempt purpose of providing "treatment for sick and diseased human beings." Thus, the disputed property meets the criteria set forth in La. Const. art. VII, § 21(B)(1)(a).
Like the trial court, we find that summary judgment in favor of WKMC is appropriate. Accordingly, we affirm the trial court ruling granting summary judgment in favor of WKMC, directing the removal of the subject property from the tax rolls and ordering the return of the tax monies paid by WKMC under protest with interest.

CONCLUSION
The ruling of the trial court granting summary judgment in favor of the plaintiff is affirmed. Costs of this appeal are assessed against the appellants to the extent permitted by law.
AFFIRMED.
NOTES
[1] The Louisiana Tax Commission was ultimately dismissed as a party defendant in all three cases.
[2] In his affidavit, Moss testified that WKMC sold certain suites in the medical office building to third parties, i.e., physicians, their professional medical corporations or similar related entities engaged in the practice of medicine. However, these suites, which are not owned by WKMC, are not at issue in this litigation.
[3] The judgment in No. 113,513 ordered refunds of $97,087.87 from Bossier Parish and $26,577.80 from Bossier City. The judgment in No. 116,163 ordered refunds of $87,258.59 from Bossier Parish and $21,211.09 from Bossier City. The judgment in No. 119,065 ordered a refund of $121,339.03 from Bossier Parish; the refund from Bossier City is given as "the sum of twenty-six thousand seven hundred thirty-nine and 51/100 dollars ($26,739.54)" (emphasis ours). Each judgment provided for the dates from which interest was to run.
[4] Hotel Dieu v. Williams, 403 So.2d 1255 (La. App. 4th Cir. 1981).
[5] In brief, the defendants cite numerous cases from other states in which medical office buildings were not exempt from ad valorem taxes. However, the Louisiana Supreme Court has already addressed the issue in its Hotel Dieu case and we are bound by that decision.