Dear Mr. Johnson:
Your request for an Attorney General's Opinion regarding thead valorem tax exemption for nonprofit corporations has been assigned to me for research and reply.
You indicated that a natural person formed a corporation, which subsequently obtained status as a nonprofit under the Internal Revenue Code of 1986. Later, that person and his spouse donated immovable property, including their family residence and some vacant tracts of land, to the corporation. Then, the corporation granted a lifetime usufruct over the immovable property to the same married couple.
First, we note that the authority to determine whether a particular taxpayer may be exempt from the payment of advalorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and state law to the assessor, subject to the review of the Louisiana Tax Commission and, ultimately, the courts.[1] While the Attorney General does not have the authority to determine whether a particular taxpayer's property is exempt from taxation, we would like to assist you as to the applicable law that may be used in making your determination.
It is well-established that exemptions from taxation are strictly construed against the taxpayer claiming the benefit thereof and must be clearly, unequivocally, and affirmatively established by the taxpayer.[2] *Page 2 
Louisiana's Constitution exempts certain property from advalorem taxation, including property owned by certain non-profit organizations. La.Const. art. VII, § 21 (B) provides, in pertinent part, the following:
 In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 (B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax. . . .
 ***
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
To qualify as an organization eligible for a property tax exemption pursuant to La.Const. art. VII, § 21(B)(1)(a)(i), an organization must be: (1) a nonprofit corporation or association; (2) organized and operated exclusively for religious, burial, charitable, health, welfare, fraternal, or educational purposes; (3) with no net earnings inuring to the benefit of any private shareholder or member; and (4) exempt from federal or state income tax.[3]
Even assuming that the nonprofit corporation meets all four of those requirements, [4] the property is still not exempt if it is owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation. Accordingly, it must first be determined whether the property is being used for "commercial purposes." If it is, then it must next be determined whether that use is "unrelated to the exempt purposes of the corporation."
Under La. Civ. Code art. 539, the usufructuaries have the right to "possess the properties and to derive their utility, profits, and advantages that they may produce, under the obligation of preserving their substance." Thus, under Louisiana law, the nonprofit corporation has no influence whatsoever as to how the usufructuaries operate, *Page 3 
lease, or use the property. The usufructuaries can do what they choose with the property, as long as they preserve the property's substance.
Because this office is not a fact-finding body, we cannot determine how the usufructuaries are actually using the property. Nevertheless, we offer the following jurisprudential guidance with regard to what constitutes use for "commercial purposes" under La.Const. art. VII, § 21 (B)(1)(a).
In Board of Administrators of the Tulane Education Fund v.Louisiana Tax Commission[5] (the "Tulane" case), the Louisiana Fourth Circuit Court of Appeals addressed the question of whether vacant, undeveloped land owned by a nonprofit corporation is exempt from ad valorem taxation. In looking to the transcripts of the Constitutional Convention, the Tulane court found that discussions of the delegates' intentions for the phrase "owned, operated, leased, or used for commercial purposes" demonstrated an "intent to limit a non-profit entity's ability to engage in a business activity in competition with for-profit enterprises."[6]
Ultimately, the Court determined that, even assuming that the land was being held by the nonprofit corporation in the hopes that it might someday appreciate in value, the land was not being used for a "commercial" purpose and was not therefore excluded from the general tax exemption set forth in La.Const. art. VII, § 21 (B)(1)(a). Thus, the property was exempt from ad valorem taxation.
Later, in Whitten Foundation v. Granger, [7] the Louisiana First Circuit Court of Appeal examined prior cases that involved disputes over ad valorem tax exemptions for nonprofit organizations' property. Each case, including WhittenFoundation, involved a nonprofit organization whose property was used in a business enterprise.
If it is determined that the property is not being used for "commercial purposes," then property will be exempt from advalorem taxation under La.Const. art. VII, § 21(B)(1)(a). However, if the property is being used for "commercial purposes," that use must be further analyzed to determine whether it is being used for the benefit of the charitable purposes of the corporation. Significantly, the property must be used exclusively for such charitable purposes.[8]
Next you ask whether, assuming the family residence is not exempt from ad valorem taxation, the married couple would be entitled a homestead exemption. *Page 4 
La.Const. art. VII, § 20(A)(4) provides the following:
 The homestead exemption shall extend to property where the usufruct of the property has been granted to no more than two usufructuaries who were the immediate prior owners of the homestead and the homestead is occupied as such by a usufructuary. The provisions of this Subparagraph shall apply only to property which qualified for the homestead exemption immediately prior to the granting of such usufruct, or which would have qualified for the homestead exemption if such usufruct had not been granted.
[Emphasis added.]
Here, the family residence does not qualify for a homestead exemption, because the immediate prior owners of the homestead were the nonprofit corporation and not the usufructuaries.
In summary, it is the conclusion of this office that where a married couple donates their immovable property to a nonprofit corporation, which later grants the couple a lifetime usufruct over such property, the nonprofit corporation must clearly, unequivocally, and affirmatively establish that it is: (1) a nonprofit corporation or association; (2) organized and operated exclusively for religious, burial, charitable, health, welfare, fraternal, or educational purposes; (3) with no net earnings inuring to the benefit of any private shareholder or member; and (4) exempt from federal or state income tax. If those four requirements are met, then the nonprofit corporation must also clearly, unequivocally, and affirmatively establish that the property was not owned, operated, leased, or used for a commercial purpose unrelated to the corporation's charitable purpose.
Finally, assuming the usufructuaries' family residence is not exempt under La.Const. art. VII, § 21 (B)(1)(a), it would not qualify for a homestead exemption.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By:__________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAH II
[1] Atty. Gen. Op. Nos. 01-144, 00-54, 96-438, and 94-603.
[2] Archer Daniels Midland Company v. Parish School Board of theParish of St. Charles, 2001-0511, p. 11 (La. 11/28/01),802 So. 2d 1270, 1278.
[3] Sherwood Forest Country Club v. Litchfield, 2008-0194 (La. 12/19/08), 998 So.2d 56.
[4] By donating the usufruct to the married couple, it is likely that the nonprofit corporation placed its federal tax-exempt status at jeopardy. Nevertheless, this office does not make findings of fact or opine on federal law. Thus, for purposes of this opinion, we assume that the nonprofit corporation is exempt from federal or state income tax.
[5]
97-0663, p. 4 (La.App. 4 Cir. 10/1/97), 701 So.2d 702, 705, writ denied, 97-2745 (La. 1/30/98), 709 So.2d 705.
[6] Id.
[7] 2004-0934 (La.App. 1 Cir. 11/3/06); 950 So.2d 720.
[8] Johnson v. New Orleans Charities Building Corporation, 2000-2772 (La.App. 1 Cir. 2/15/02); 812 So.2d 741.