12THOMAS W. TANNER, Judge Pro Tem.
This is a dispute arising out of the failure to pay sales tax to the State of Louisiana in conjunction with the sale of a new automobile. The trial court held that La.R.S. 47:308 obligates the dealer to pay sales tax on the purchase of a new automobile and held defendant, Harris Chevrolet, Inc. (Harris), liable for damages sustained by the plaintiff as a result of Harris’s failure to pay the sales tax. After a thorough review of the record and applicable law, we find no error in the trial court’s judgment, and accordingly, affirm.
Background Facts
On or about February 28, 1989, plaintiff, Marsha Mack, purchased a 1989 Chevrolet Cavalier from Harris Chevrolet; the purchase was financed through Progressive Acceptance Corporation of Oklahoma (PAC). The evidence reflects that the purchase price of the vehicle, agreed upon by Mrs. Mack and the salesman at Harris Chevrolet, Na-thanial Lathan, was $9750.00, to which a $200.00 deposit and an $800.00 trade-in allowance were applied, leaving a balance on the purchase price of $8750.00. The buyer’s order and invoice reflect that the $9750.00 purchase price agreed on was exclusive of tax, title and license. (Zeros were inserted in the lines applicable to sales tax, title and license fees.)
PAC was represented by its agent, Chip Mitchell, who was present at Harris Chevrolet at the time of purchase and negotiated the loan documents with Mrs. Mack. Mrs. Mack testified that the sales tax on the vehicle, which amounted to $763.50, was included in the amount financed by PAC; however, it was her understanding that the sales tax, together with the balance of the purchase price, would be paid by PAG to Harris Chevrolet, who in turn, would forward the tax to the Department of Motor Vehicles.
The finance agreement reflects that the sales tax was indeed calculated in the amount financed for Mrs. Mack by PAC. (For unex *906 plained reasons, the finance agreement shows the purchase price of the vehicle as $9,597.00, instead of $8750.00 as reflected in the buyer’s order, to which the sales tax and documentation fee were added, reflecting a total amount financed of $10,535.50.) The record also reflects that PAC subsequently | gforwarded a check in the amount of $8,750.00, on behalf of Mrs. Mack, to Harris Chevrolet. However, the amount for the sales tax was not included in this payment, nor was it, at any time, remitted to the Louisiana State Department of Motor Vehicles. As a result, Mrs. Mack never received the title or registration for the vehicle, nor was she able to obtain insurance on the vehicle. The vehicle was impounded; consequently, Mrs. Mack quit making monthly payments, and the vehicle was seized and sold. This action for damages ensued.
Action of the Lower Court
Named as defendants in Mrs. Mack’s action were Harris Chevrolet, PAC, and Met-life Financial Corporation, to whom the financing contract was subsequently sold.[2] After a trial, the trial court found, as a matter of fact, that Brian Harris Chevrolet, Inc. was the dealer in this matter, and as such, was obligated to pay the sales tax pursuant to La.R.S. 47:303. The trial court, therefore, held Harris Chevrolet liable to Mrs. Mack for a total of $4500.00 in damages suffered as a result of Harris’s failure to pay the sales tax. This amount represents the amount of Mrs. Mack’s trade-in allowance and down payment, as well as general damages for the inconvenience of losing the vehicle, and the embarrassment and humiliation she suffered as a result of the vehicle being impounded and subsequently seized and sold. Harris Chevrolet appealed.
Applicable Law
La.R.S. 47:303, the statute relied on by the trial court which regulates the collection of tax on vehicles, provides in pertinent part as follows:
A. Collection from dealer. (1) The tax imposed under R.S. 47:302 shall be collectible from all persons, as hereinafter defined, engaged as dealers, as .hereinafter defined.
[[Image here]]
B. (1) The tax levied by R.S. 47:302A on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue at the time of application for a certificate of title or vehicle registration license and such tax shall be administered and collected by the vehicle | commissioner in compliance with rules and regulations issued by the collector of revenue and in compliance with the law as construed by the collector of revenue. No certificate of title' or vehicle registration shall be issued until this tax has been paid ... (emphasis added).
[[Image here]]
Therefore, the sales tax on a vehicle is collectible from the dealer, and shall be paid at the time of application for the certificate of title.
Furthermore, the Vehicle Certificate of Title Law, La.R.S. 32:701 et seq. provides, in section 705.A in pertinent part, the following:
No person shall sell a vehicle without delivery to the purchaser thereof, whether such purchaser be a dealer or otherwise, a certificate of title issued under this Chapter. ...
Thus, the dealer is prohibited from selling a vehicle without also delivering a certificate of title to the purchaser.
These two statutes, read and construed in pari materia, reveal that the dealer has the ultimate obligation of securing and delivering a certificate of title to the purchaser, irrespective of any third party financing arrangements made either by the dealer, or the purchaser. Therefore, although Harris did not collect the amount of the sales tax from PAC, it was nevertheless statutorily obligated to ensure that such tax was remitted to the State of Louisiana Department of Motor *907 Vehicles, since the payment of the tax is a prerequisite to obtaining title, which pursuant to La.R.S. 82:707, is the dealer’s responsibility. Since the tax was not remitted, a certificate of title was never issued for the vehicle purchased by Mrs. Mack, and the dealer was in violation of La.R.S. 82:707. As a result, Mrs. Mack suffered damages, for which Harris is liable. Therefore, the judgment of the trial court is affirmed; costs of this appeal are assessed to Harris Chevrolet.
AFFIRMED.

. Only Harris Chevrolet filed an answer; there is no further mention of the other two defendants anywhere in the record. The judgment rendered by the trial court addresses only the liability of Harris Chevrolet, and is silent as to the other defendants.