ON REHEARING

laWATKINS, Judge.
We granted rehearing in the instant case to consider statutory provisions that we previously failed to consider. Having determined that the overlooked provisions are controlling, we vacate our previous opinion, and we reverse the judgment for plaintiff rendered by the trial court.
The facts are stated in our previous opinion, Mack v. Harris Chevrolet, Inc. (La.App. 1st Cir.1995), 679 So.2d 905. In that opinion we cited LSA-R.S. 47:303A, which is a general provision applicable to all. retail sales and “dealers.” However, we overlooked LSA-R.S. 47:303B which applies specifically to automobile dealers because it deals with the collection of tax on vehicles. Section 303B provides in pertinent part:
The tax imposed by R.S. 47:302(A) on the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the *908 vehicle registration license tax shall be collected as provided in this Subsection.
(1) The tax levied by R.S. 47:302A on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue at the time of application for a certifícate of title or vehicle registration license and such tax shall be administered and collected by the vehicle commissioner in compliance with the rules and regulations issued by the collector of revenue and in compliance with the law as construed by the collector of revenue. No certificate of title or vehicle registration license shall be issued until this tax has been paid. The collector of revenue shall be the only proper party to defend or to institute any legal action involving the tax imposed by R.S. 47:302A on the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer or any other vehicle subject to the vehicle registration license tax. (R.S. 47:451 et seq.).
(a) The tax levied by R.S. 47:302(A)(1) on the sale of any such vehicle shall be due at the time of registration or any transfer of registration as required by the Vehicle Registration License Tax Law. (R.S. ¾7:451 et seq.).
* * * * * *
(2) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year, and model of the vehicle sold, the total sales price, any allowance for and a description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid along with other such information as the collector of revenue may by regulation require....
(3)(a) It is not the intention of this Subsection to grant an exemption from the sales and use tax levied in this Title to any sale, use, items, or transaction which has heretofore been taxable, and this Subsection is not to be construed as so doing. It is the intent of this Subsection to transfer the | scoIlection of the sales and use tax on vehicles from the vendor to the vehicle commissioner as agent for the secretary of the Department of Revenue and Taxation and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of the Secretary. ...
The plain, unambiguous language of the quoted statute does not place upon the selling dealer the obligation to collect the sales tax from the buyer. Indeed, the statute specifically states that the obligation is transferred from the selling dealer to the vehicle commissioner, contrary to the result we reached in our previous opinion.
Additionally, this court erred in concluding that a dealer is prohibited from selling a vehicle without delivering a certificate of title to the purchaser. In relying on the first paragraph of LSA-R.S 32:705, we overlooked the provisions of LSA-R.S. 32:705(3) relating to a dealer who is reselling a vehicle purchased for stock purposes. In the instant case, the vehicle purchased by Ms. Mack was a 1989 Chevrolet Cavalier for which no certificate of title had been previously issued by the Louisiana Department of Motor Vehicles. Upon obtaining the vehicle from the manufacturer, Harris Chevrolet received a manufacturer’s certificate of origin which was then remitted to the purchaser and her financing source, PAC, for submission to the Department of Motor Vehicles.
Furthermore, the mere fact that Ms. Mack contractually assigned the obligations of paying the sales tax to her lending source in no way serves to transfer this obligation to the selling dealer, Harris Chevrolet.
Accordingly, this Court vacates its previous opinion herein and renders judgment in favor of Harris Chevrolet, reversing the judgment of the trial court and dismissing plaintiff’s claims with prejudice at her cost. Plaintiff, Ms. Mack, is also cast for costs of this appeal.
*909 PREVIOUS OPINION VACATED; JUDGMENT REVERSED; JUDGMENT RENDERED IN DEFENDANT’S FAVOR, DISMISSING PLAINTIFF’S CLAIMS AT HER COSTS.