970 So.2d 616 (2007)
DAIMLERCHRYSLER SERVICES OF NORTH AMERICA, L.L.C., as Successor to Chrysler Financial Company, L.L.C.
v.
SECRETARY, DEPARTMENT OF REVENUE.
Nos. 2007 CA 0010, 2007 CA 0011.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
Rehearing Denied November 7, 2007.
*618 Andre B. Burvant, New Orleans, Peter O. Larsen, Jacksonville, Fl., Counsel for Plaintiff/Appellant, DaimlerChrysler Financial Services Americas, L.L.C.
Emily W. Toler, Antonio Ferachi, Baton Rouge, Counsel for Defendant/Appellee, Secretary, Department of Revenue.
Before: CARTER, C.J., PETTIGREW and WELCH, JJ.
CARTER, C.J.
At issue on appeal is a sales finance company's entitlement to a refund of the amount of sales taxes advanced by the company for motor vehicle credit sales that were ultimately uncollectible and charged off of the company's federal tax returns as bad debts. Finding the company is not entitled to a refund under LSA-R.S. 47:315, the Bad Debt Statute, we affirm.

FACTS AND PROCEDURAL HISTORY
Plaintiff, DaimlerChrysler Financial Services Americas, L.L.C. (DaimlerChrysler), is in the business of leasing motor vehicles, selling off-lease motor vehicles, and purchasing installment sale contracts from Chrysler dealerships. DaimlerChrysler is registered as a dealer for Louisiana sales tax purposes and files monthly sales tax returns for monthly rental receipts and off-lease motor vehicle sales. Relevant to this litigation is DaimlerChrysler's business activity as the buyer of motor vehicle installment sales contracts.
At issue are numerous motor vehicle credit sales and the sales taxes paid on those purchases. DaimlerChrysler made none of the sales; rather, the sales were made pursuant to installment sales contracts entered between customers and various automotive dealerships. Under the terms of the contracts, the customers agreed to repay all or part of the purchase price, including a pro rata portion of sales tax, on an installment basis. After the installment contracts were signed, the dealerships would assign all of the dealerships' rights under the terms of the installment contracts to DaimlerChrysler without recourse. In exchange for the assignments, DaimlerChrysler paid the dealerships the full amount financed under the contracts, including the full amount of sales tax due. From this sum, the dealerships remitted the sales tax due on the sales of the vehicles to the vehicle commissioner.
After the installment contracts were assigned to DaimlerChrysler, the customers made payments directly to DaimlerChrysler. If a customer defaulted on the installment contract, the vehicle was repossessed and sold, with the proceeds from the sale applied to the outstanding debt. The remaining unpaid balance, including a pro rata amount of the financed sales tax, was written off by DaimlerChrysler for accounting and federal income tax purposes.
In October 1997, DaimlerChrysler filed a refund claim with the Louisiana Department of Revenue (DOR), seeking return of Louisiana sales tax paid and, ultimately, charged off of its federal income taxes for the period October 3, 1994, through March 27, 1997. In 2000, DaimlerChrysler filed a second refund claim with the DOR for the period April 1, 1997, through December 31, 1999. The DOR denied both claims, and DaimlerChrysler lodged appeals with the Louisiana Board of Tax Appeals (BTA).
*619 The BTA denied DaimlerChrysler's appeals, and DaimlerChrysler petitioned the Nineteenth Judicial District Court for judicial review.[1] The district court concluded that DaimlerChrysler did not qualify as the dealer entitled to a refund under LSA-R.S. 47:315 and, further, that the dealerships could not assign or transfer the refund available under LSA-R.S. 47:315 because sellers of motor vehicles are ineligible for a refund under the Bad Debt Statute. On September 21, 2006, the district court entered judgment in favor of the DOR, and this appeal follows.

STANDARD OF REVIEW
By statutory and constitutional mandate, the Nineteenth Judicial District Court is vested with the power to review decisions of the BTA. LSA-Const, art. V, § 16; LSA-R.S. 47:1434-1435. The ruling of the district court is subject to appellate review by suspensive appeal to this court in the exercise of its appellate jurisdiction over civil matters. LSA-Const. art. V, § 10; LSA-R.S. 47:1435.
Judicial review of a decision of the BTA is rendered upon the record as made before the BTA and is limited to facts on the record and questions of law. Marathon Pipe Line Co. v. Crawford, 00-2753 (La.App. 1 Cir. 2/15/02), 808 So.2d 873, 877, writ denied, 02-0804 (La.6/7/02), 818 So.2d 774; see LSA-R.S. 47:1434. When, as here, there are no factual disputes and the questions before the court are solely questions of law, the judgment of the BTA is affirmed if the BTA correctly applied the law and adhered to the correct procedural standards. See Marathon, 808 So.2d at 877.
A statute that imposes a tax should be liberally construed in favor of the taxpayer. McNamara v. Central Marine Service, Inc., 507 So.2d 207, 208 (La. 1987). However, exemptions from taxation are strictly construed against the taxpayer claiming the benefit thereof and must be clearly, unequivocally, and affirmatively established by the taxpayer. Whitten Foundation v. Granger, 04-0934 (La.App. 1 Cir. 11/03/06), 950 So.2d 720, 724-725, writ denied, 06-2828 (La.2/2/07), 948 So.2d 1080.
Tax laws are sui generis, and the law does not afford one seeking a refund of a sales tax overpayment a remedy under Civil Code theories of recovery. Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697, 708-709 (La. 1993); Clark v. State, 02-1936 (La.App. 1 Cir. 1/28/04), 873 So.2d 32, 35-36, writ denied, 04-0452 (La.4/23/04), 870 So.2d 300. Accordingly, statutes providing refunds for credit sales that become bad debts are a matter of legislative grace and, like exemptions, should be strictly construed against the taxpayer.
With these legal precepts in mind, we examine whether DaimlerChrysler is entitled to a refund under LSA-R.S. 47:315, the Bad Debt Statute.

DISCUSSION
Louisiana Revised Statutes 47:315 B[2] provides for reimbursement of sales *620 tax previously paid by the dealer whenever the unpaid balance on an account due to the dealer on the purchase of tangible personal property has been found to be bad in accordance with Section 166 of the United States Internal Revenue Code and the amount actually has been charged off for federal income tax purposes. "Dealer" is defined as "[e]very person who sells at retail . . . tangible personal property." LSA-R.S. 47:301(4)(b) "Person" includes an "individual, firm, copartnership, joint adventure, [or] corporation." LSA-R.S. 47:301(8)(a). Neither the definition of "dealer" nor the definition of "person" includes an assignee.
DaimlerChrysler maintains it is error to limit application of LSA-R.S. 47:315 B to "the dealer that made the sale." DaimlerChrysler argues that because it is a registered dealer in the state of Louisiana, because a car is tangible personal property, and because it has charged the uncollectible amounts due on the installment contracts off for federal income tax purposes, it is entitled to a refund.
Louisiana Revised Statutes 47:315 B is clear that prior to its application there must exist an "unpaid balance of an account due to the dealer for the purchase of tangible personal property." (Emphasis supplied.) Although DaimlerChrysler may be a registered Louisiana dealer for certain transactions (i.e. the sale of off-lease motor vehicles), that does not necessarily make it the dealer for all transactions or, more particularly, for the transactions it finances. DaimlerChrysler made no retail sales to the buyers whose credit accounts it purchased. DaimlerChrysler's federal income tax returns for 1994-1997 list zero for its "Gross receipts or sales." Schedule K of those same returns lists DaimlerChrysler's business activity as "sales finance" and its products or service as "financial products."
Moreover, under the plain terms of LSA-R.S. 47:315 B, the reimbursement is limited to the "tax previously paid by the dealer." It is undisputed that DaimlerChrysler did not submit the motor vehicle sales tax to the vehicle commissioner. Rather, the dealerships remitted the sales tax due on the sales of the vehicles to the vehicle commissioner, on behalf of their customers.
In the alternative, DaimlerChrysler maintains that it is entitled to a refund under the Bad Debt Statute in light of its status as assignee of the installment sales contracts and LSA-C.C. art. 1984, which provides: "Rights and obligations arising from a contract are heritable and assignable unless the law, the terms of the contract or its nature preclude such effects."
The DOR regulations currently recognize that the right to seek a refund pursuant to LSA-R.S. 47:315 B may be transferred or assigned to a lending institution; however, "[n]o refund is authorized on bad debts arising . . . on sales financed by lending institutions . . . unless the lender has full recourse against the seller for any unpaid amounts." LAC 61:I.4369B.5 (June 2006).[3] The installment contracts herein were assigned to DaimlerChrysler "without recourse," which under the regulation, makes DaimlerChrysler ineligible to receive a refund.
But more significant to this court's determination is the DOR's position that LSA-R.S. 47:315 and Regulation LAC 61:I.4369 are inapplicable to the transactions at issue. Generally, when tangible personal property is sold, the dealer is *621 charged with the duty to collect the Louisiana sales tax and remit the same to the DOR. See LSA-R.S. 47:303 A. However, the sales tax due on vehicles subject to the vehicle registration license tax is unique in that it is to be paid directly by the purchaser to the vehicle commissioner as the agent of the collector of revenue. LSA-R.S. 47:303 B(3)(a); see also LSA-R.S. 47:303 B(5). The statutory duty of the vendor is limited to providing the purchaser with a notarized statement containing a full description of the vehicle and other information as specified by statute and DOR regulation. LSA-R.S. 47:303 B(2).
For motor vehicle sales, the dealer has no statutory obligation to collect the sales tax from the buyer. See LSA-R.S. 47:304 A; Mack v. Harris Chevrolet, 95-0609 (La.App. 1 Cir. 6/28/96), 679 So.2d 907, 908 (on rehearing), writ denied, 96-1987 (La.11/15/96), 682 So.2d 762. This court has held that a buyer cannot contractually assign the legislative obligation to collect and remit sales taxes on motor vehicles to a third party. Mack, 679 So.2d at 908 (The buyer's contractual assignment of her obligation to pay sales tax to her lending source could not transfer the obligation to the selling dealer.).
While it is undisputed that DaimlerChrysler was the source of funds used to pay the sales tax due on the motor vehicle sales and that the dealerships remitted the taxes to the vehicle commissioner on behalf of their customers, neither DaimlerChrysler nor the dealerships had a statutory obligation to pay the taxes. The dealerships could not transfer to DaimlerChrysler a statutory obligation, and a related statutory benefit, that they did not have. An assignee acquires no greater rights than its assignor. Herlitz Construction Co., Inc. v. Matherne, 476 So.2d 1037, 1040 (La.App. 3 Cir.1985).

CONCLUSION
It is undisputed that DaimlerChrysler made no retail sales to the consumers whose credit accounts it purchased. Neither it nor the dealerships had a statutory obligation to collect the motor vehicle sales tax or to account for the tax to the DOR. DaimlerChrysler is not entitled to a refund under the Bad Debt Statute, LSA-R.S. 47:315. For the foregoing reasons, the judgment of the BTA is affirmed. Costs of this appeal are assessed to appellant, DaimlerChrysler Financial Services Americas, L.L.C.
AFFIRMED.
NOTES
[1] The two district court petitions were consolidated by district court order on January 30, 2006.
[2] "Whenever the unpaid balance of an account due to the dealer for the purchase of tangible personal property or the sale of services subject to sales taxation has been found to be bad in accordance with Section 166 of the United States Internal Revenue Code and has actually been charged off for federal income tax purposes, the dealer shall be entitled to reimbursement of the amount of tax previously paid by the dealer on such amounts." LSA-R.S. 47:315 B(1).
[3] Prior to its current text, this regulation was promulgated by the Department of Revenue & Taxation, Sales Tax Section, as LR 13:107 (February 1987) and amended by the Department of Revenue, Policy Services Division, as LR 31:97 (January 2005).